297 F.3d 892
 LABOTEST, INC., a California corporation; Frank O. Brown, Plaintiffs-Appellants,
v.
Diana BONTA, RN; Director, Department of Health Services of the State of California; Kathleen Connell, Controller of the State of California; J. Alan Cates, Chief of the Medi-Cal Fraud Prevention Bureau of the State Department of Health Services, State of California, Defendants-Appellees.
 No. 01-56318.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 6, 2002.
 Filed July 19, 2002.
 
 Patric Hooper, Hooper, Lundy & Bookman, Inc., Los Angeles, CA, for the plaintiffs-appellants.
 Patricia Nagler, Deputy Attorney General, Los Angeles, CA, for the defendants-appellees.
 Kyungah Suk, Deputy Attorney General, Los Angeles, CA, for the defendants-appellees.
 Appeal from the United States District Court for the Central District of California, Robert J. Kelleher, Senior Judge, Presiding. D.C. No. CV-00-05788-RJK.
 Before HALL, SILVERMAN, and RAWLINSON, Circuit Judges.
 OPINION
 SILVERMAN, Circuit Judge.
 
 
 1
 Plaintiffs Frank Brown, M.D., and Labotest (collectively "Labotest") sued the California Department of Health Services ("DHS") under 42 U.S.C. § 1983 following DHS's imposition of administrative sanctions. Prior to trial, the parties entered into two stipulations, the first of which lifted two of the three sanctions, and the judge signed two attached orders, the second of which incorporated the first stipulation into the court's final order. DHS and Labotest filed cross-motions for summary judgment on the third remaining sanction, which the district court decided in DHS's favor. Ultimately, the parties entered into a settlement agreement which they presented to the court for its approval. It provided that the first stipulation for the lifting of sanctions was to remain in effect.
 
 
 2
 Labotest then moved for attorney's fees as the prevailing party under 42 U.S.C. § 1988, which motion the district court denied. We hold that a plaintiff who succeeds in obtaining a court order incorporating an agreement that includes relief the plaintiff sought in the lawsuit is not a mere catalyst — he is a prevailing party for attorney's fees purposes.
 
 I. BACKGROUND
 
 3
 DHS, which administers California's Medicaid program, Medi-Cal, investigated Labotest for suspected Medi-Cal fraud. As a result of its investigation, DHS imposed three administrative sanctions: It suspended Labotest from the Medi-Cal program, withheld all Medi-Cal payments to Labotest, and disenrolled Labotest from California's "PACT" program. PACT is California's family Planning, Access, Care, and Treatment waiver program, which "provide[s] comprehensive clinical family planning services" to low income families. Cal. Welf. & Inst.Code § 14132(aa). After unsuccessfully appealing DHS's imposition of sanctions through state administrative appeals, Labotest filed a federal class action complaint against DHS, its director Linda Bonta, and two other state officials not involved in this appeal. The complaint alleged deprivation of due process and violation of federal laws and regulations under 42 U.S.C. § 1983. Numerous forms of declaratory and injunctive relief were sought, including repeal of the three administrative sanctions.
 
 
 4
 Prior to trial, on August 3, 2000, the parties submitted to the court a stipulation bearing their signatures and a proposed order for the judge to sign. The stipulation stated that DHS would reinstate Labotest in the Medi-Cal program and lift all remaining Medi-Cal withholding sanctions, resolving two of the three administrative sanctions imposed. The stipulation deferred resolution of the remaining sanction, Labotest's disenrollment from the PACT program, which the parties agreed to try to resolve informally. The order, which the district court signed, merely removed the scheduled hearing from the district court's calendar.
 
 
 5
 On February 6, 2001, the parties submitted to the court a second stipulation and order. The second stipulation, also bearing the parties' signatures, provided that Labotest would withdraw its motion for class certification, and the only issues remaining before the court were Labotest's PACT disenrollment and attorney's fees. As to the latter, the second stipulation stated that "[t]he issue of plaintiff's entitlement to attorney's fees, if any is not determined by this Agreement." The proposed order accompanying it provided that the August 3, 2000 stipulation and order "shall be deemed to be part of any final order in this case," and that resolution of the remaining PACT issue would be resolved by cross-motions for summary judgment. The judge signed the order.
 
 
 6
 On March 12, 2001, the district court heard argument on the pending cross-motions for summary judgment concerning Labotest's PACT disenrollment. On April 30, 2001, the district court granted DHS's motion for summary judgment and denied Labotest's, agreeing with DHS that imposition of the third administrative sanction was appropriate. The court also approved the parties' joint settlement agreement, which provided in part that the August 3, 2000 stipulation, by which DHS agreed to lift the other two sanctions, was to remain in effect. Labotest sought its attorney's fees and costs, except for the amounts associated with adjudication of the PACT issue, on which it did not prevail. The district court denied Labotest's request, and Labotest appeals this denial of attorney's fees.
 
 II. JURISDICTION AND STANDARD OF REVIEW
 
 7
 This court's jurisdiction is premised on 28 U.S.C. § 1291. "A district court's decision to deny attorney's fees is reviewed for an abuse of discretion." United States v. One 1997 Toyota Land Cruiser, 248 F.3d 899, 903 (9th Cir.2001). "An abuse of discretion occurs if the district court based its decision on an erroneous legal conclusion or a clearly erroneous finding of fact." Andrew v. Bowen, 837 F.2d 875, 877 (9th Cir.1988). "Any elements of legal analysis and statutory interpretation that figure in the district court's attorney's fees decision are reviewed de novo." Barrios v. California Interscholastic Fed'n, 277 F.3d 1128, 1133 (9th Cir. 2002).
 
 III. ANALYSIS
 
 8
 "In the United States, parties are ordinarily required to bear their own attorney's fees — the prevailing party is not 10204 entitled to collect from the loser." Buckhannon Bd. & Care Home v. West Virginia Dept. of Health & Human Res., 532 U.S. 598, 602, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). In some instances, however, Congress has authorized prevailing parties to recover their attorney's fees. One such instance is 42 U.S.C. § 1988, which authorizes a "prevailing party" in a civil rights action to recover attorney's fees. See 42 U.S.C. § 1988(b) ("In any action or proceeding to enforce a provision of section[] ... 1983, ... the court, in its discretion, may allow the prevailing party... a reasonable attorney's fee as part of the costs....").
 
 
 9
 A § 1983 plaintiff who obtains a final judgment against a defendant is, of course, a prevailing party for attorney's fees purposes under § 1988. We had read language in Supreme Court cases such as Farrar v. Hobby, 506 U.S. 103, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992) and Hewitt v. Helms, 482 U.S. 755, 107 S.Ct. 2672, 96 L.Ed.2d 654 (1987) also to permit recovery of attorney's fees under a "catalyst theory." See, e.g., Kilgour v. City of Pasadena, 53 F.3d 1007, 1010 (9th Cir.1995). The catalyst theory permitted a civil rights plaintiff who did not obtain a final judgment on the merits against the defendant to recover attorney's fees "if his action was a `catalyst' which motivated the defendant to provide the relief originally sought through litigation." Beach v. Smith, 743 F.2d 1303, 1306 (9th Cir.1984).
 
 
 10
 In 2001, the United States Supreme Court gave the coup de grace to the catalyst theory. In Buckhannon Bd. & Care Home v. West Virginia Dept. of Health & Human Res., 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001), the Supreme Court held that a plaintiff could no longer recover fees merely because the lawsuit may have played a role in bringing about the desired result. Instead, the Buckhannon Court announced that recovery of attorney's fees requires a "court-ordered chang[e][in] the legal relationship between" the parties, in which the legal change that the plaintiff claims to have caused is "judicially sanctioned." Id. at 604-05, 121 S.Ct. 1835 (internal quotation marks omitted, alterations in original). Buckhannon made clear that "[a] defendant's voluntary change in conduct," sufficient for fees recovery under a catalyst theory, "lacks the necessary judicial imprimatur" "to qualify a plaintiff as prevailing party. Id. at 605, 121 S.Ct. 1835 (emphasis in original). While Buckhannon did not deal with § 1988 directly, we have since applied its holding to 42 U.S.C. § 1988. Bennett v. Yoshina, 259 F.3d 1097, 1101 (9th Cir.2001).
 
 
 11
 Labotest is indeed a prevailing party for attorney's fees purposes because the district court placed its stamp of approval on the relief obtained. The court's incorporation of the first stipulation into its final order, and its order approving the settlement agreement, are the necessary judicial imprimatur to qualify Labotest as a prevailing party. DHS's concession as to two of the three administrative sanctions was expressly approved by the district judge in the form of a stipulated order. The degree of judicial involvement here is sufficient to satisfy the requisite quantum envisioned by Buckhannon. The relief obtained by Labotest also materially altered the legal relationship between the parties. Should DHS fail to remove Labotest's Medi-Cal suspension, or refuse to stop withholding Labotest's Medi-Cal payments, Labotest can return to the district court to obtain enforcement of its agreement with DHS and compliance with the court order.
 
 
 12
 In sum, we hold that a plaintiff who obtains a court order incorporating an agreement that includes relief the plaintiff sought in the lawsuit is a prevailing party entitled to attorney's fees under 42 U.S.C. § 1988.
 
 
 13
 REVERSED AND REMANDED.