Sherry Lynn CRAWFORD,
Plaintiff—Appellant,

v.

CITY OF SCOTTSDALE, Defendant—
Appellee.

Sherry Lynn CRAWFORD,
Plaintiff—Appellee,

v.

City of Scottsdale, Defendant—
Appellant.

Nos. 01–15355, 02–15002.

D.C. No. CV–96–01842–ROS.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 5, 2002.

Decided Nov. 20, 2002.

\* Honorable Louis H. Pollak, Senior United States District Court Judge for the Eastern District of Pennsylvania, sitting by designation.

Before MCKEOWN and PAEZ, Circuit Judges, and POLLAK,\* Senior District Judge.

MEMORANDUM \*\*

Sherry Lynn Crawford ("Crawford") appeals from the district court's summary judgment in favor of the City of Scottsdale ("City") on her Second, Fourth, and Fourteenth Amendment claims as well as her equal protection claim against the Scottsdale Police Department. The City appeals the district court's denial of attorneys' fees relating to Crawford's conspiracy and equal protection claims. We affirm both the district court's grant of summary judgment and its denial of attorneys' fees.

I.

This case is governed by the Supreme Court's recent decision in *National Railroad Passenger Corp. v. Morgan,* 536 U.S. 101, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002) and this court's application of *Morgan* in *RK Ventures, Inc. v. City of Seattle,* 307 F.3d 1045 (9th Cir.2002). In *Morgan,* the Supreme Court made clear that in Title VII cases, "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discriminatory act starts a new clock for filing charges alleging that act." *Morgan,* 536 U.S. at

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

——, 122 S.Ct. at 2072.[1] *RK Ventures* applied the Court's reasoning to §§ 1983, 1985, and 1986 claims brought by private litigants against a city. *RK Ventures,* 307 F.3d at 1050, 1054.

The statute of limitations for a conspiracy claim is one year. 42 U.S.C. § 1986. The statute of limitations for §§ 1983 and 1985 claims is the same as the state statute of limitation for personal injury actions, which in this case is two years. *See Wilson v. Garcia,* 471 U.S. 261, 276, 280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); Ariz. Rev.Stat. § 12–542. Crawford filed her complaint on August 9, 1996. For purposes of § 1986, she therefore must allege a discrete discriminatory act occurring between August 9, 1995 and August 9, 1996. For purposes of §§ 1983 and 1985, she must allege a discrete discriminatory act occurring between August 9, 1994 and August 9, 1996.

Under *Morgan* and *RK Ventures,* the 1992 search of Crawford's house and the 1994 repossession of her car are time-barred and therefore not actionable. The 1996 stop, however, is actionable. We may consider the 1992 search and the 1994 repossession only as background evidence of unconstitutional motive for purposes of proving Crawford's §§ 1983, 1985, and 1986 claims. *See RK Ventures,* 307 F.3d at 1062.

## II.

The only defendant left in this action is the City. To hold the City liable under § 1983, Crawford must "demonstrate that, through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged." *Bd. of the County Comm'r v. Brown,* 520 U.S. 397, 404, 117

S.Ct. 1382, 137 L.Ed.2d 626 (1997) (emphasis in original).

We hold that on the basis of the 1996 stop, Crawford has failed to create genuine issues of material fact as to a policy or custom on the part of the City to violate her and other women's constitutional rights, as to discriminatory intent, and as to the presence of a conspiracy to harass and intimidate her and other women. Nor has Crawford raised genuine issues of material fact relating to the City's alleged deliberate indifference to police officers' potential violations of women's constitutional rights. *See City of Canton v. Harris,* 489 U.S. 378, 389, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989) (holding that failure to train may serve as the basis for liability "[o]nly where [it] reflects a 'deliberate' or 'conscious' choice by a municipality—a 'policy' as defined by our prior cases"); *Rubalcava v. City of Los Angeles,* 167 F.3d 514, 525 (9th Cir.1999) (noting that deliberate indifference must be "purposeful" and "substantial in nature" (internal quotation marks and citations omitted)).

## III.

We review a district court's award of attorneys' fees for an abuse of discretion. *See Labotest, Inc. v. Bonta,* 297 F.3d 892, 893 (9th Cir.2002); *Webb v. Ada County,* 285 F.3d 829, 834 (9th Cir.2002). "A prevailing defendant should not routinely be awarded attorneys' fees simply because he has succeeded, but rather only where the action is found to be 'unreasonable, frivolous, meritless, or vexatious.'" *Vernon v. City of Los Angeles,* 27 F.3d 1385, 1402 (9th Cir.1994) (quoting *Roberts v. Spalding,* 783 F.2d 867, 874 (9th Cir.1986)). We agree with the district court that Crawford's conspiracy and equal protection claims, although not sufficient to withstand

---

**1.** The Court essentially rejected the continuing violations doctrine except as it may apply to hostile work environment claims, which are not at issue here.

summary judgment, were not "frivolous" or "vexatious." Accordingly, it was proper for the district court to decline to award attorneys' fees under 42 U.S.C. § 1988, 28 U.S.C. § 1927, and under its inherent powers with respect to these claims. *See Fink v. Gomez,* 239 F.3d 989, 993–94 (9th Cir. 2001) (holding that sanctions are available under the court's inherent powers if the court finds "bad faith or conduct tantamount to bad faith" or "recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose"); *B.K.B. v. Maui Police Dep't,* 276 F.3d 1091, 1107 (9th Cir.2002) (applying *Fink* and holding that § 1927 requires a finding of recklessness or bad faith).

## IV.

For the foregoing reasons, the district court's judgment is AFFIRMED.