**NAVAJO NATION, a federally recognized Indian tribe, Plaintiff,**

v.

**ARIZONA INDEPENDENT REDISTRICTING COMMISSION, a state agency, et al., Defendants.**

Nos. CV 02–0799–PHX–ROS, CV 02–0807–PHX–ROS.

United States District Court, D. Arizona.

Sept. 30, 2003.

Dana Lee Bobroff, Navajo Nation Department of Justice, Window Rock, AZ, Marvin S. Cohen, Esq., Judith M. Dworkin, Tina Marie Kirstein–Ezzell, Patricia Ferguson Bohnee, Sacks Tierney PA, Scottsdale, AZ, for Navajo Nation, Plaintiff.

Steve M. Titla, Kevin Lohrausb Parsi, Titla & Parsi, Globe, AZ, for San Carlos Apache Tribe of Arizona, Plaintiff.

Lisa Tewsbury Hauser, Esq., James A. Craft, Esq., Gammage & Burnham PLC, Jose De Jesus Rivera, Esq., Haralson Miller Pitt & McAnally PLC, Phoenix, AZ, for Arizonia Independent Redistricting Commission, Plaintiff.

Neil Vincent Wake, Esq., Linda Delmor Skon, Law Offices of Neil Vincent Wake, Phoenix, AZ, Michael A. Carvin, Jones Day Reavis & Pogue, Washington, DC, for Arizonans for Fair and Legal Redistricting, Ephram Cordova, Jesse Hernandez, Martin Sepulveda, Ilia Terrazas, Intervenors–Plaintiffs.

John R. Moffitt, Esq., Prescott, AZ, for Prescot, Intervenor–Plaintiff.

Ivan Legler, Prescott Valley, AZ, for Prescott Valley, Intervenor–Plaintiff.

Michael S. Mandell, Paul F. Eckstein, Esq., Brown & Bain PA, Joshua Grabel, Lewis & Roca LLP, Aaron Kizer, Esq., Law Office of Aaron Kizer PLC, Phoenix, AZ, Richard A. Halloran, Esq., Lewis & Roca LLP, Phoenix, AZ, for Arizona Minority Coalition for Fair Redistricting, Ramon Valadez, Peter Rios, Carlos Avelar, Mary Rose Garrido Wilcox, Esther Lumm, Virginia Rivera, Los Abogados, James Sedillo, Intervenors–Plaintiffs.

Jill M. Kennedy, Maricopa County Attorney's Office, Phoenix, AZ, for Maricopa, Intervenor–Plaintiff.

Patrick Irvine, Esq., Office of the Attorney General, Phoenix, AZ, for Citizens Clean Elections Commission, Intervenor–Defendant.

## ORDER

SILVER, District Judge.

Before the Court are Arizonans for Fair and Legal Representation's ("AFLR") Mo-

tion for Award of Attorney's Fees and Non-taxable Costs (AFLR's Motion) (# 127) and the Minority Coalition for Fair Representation's ("Coalition") Motion for Attorney's Fees (Motion)(# 128). Also pending are the Arizona Independent Redistricting Commission's ("IRC") Motion for an Order to Show Cause (Motion) (# 3), Maricopa County's Application to have Costs Taxed and Bill of Costs (# 129), the Coalition's Bill of Costs (# 131), AFLR's Bill of Costs (# 126), City of Prescott's Bill of Costs (# 132), and Town of Prescott Valley's Bill of Costs (# 134).

After consideration of the pleadings and records, AFLR's Motion will be denied, and the Coalition's Motion will be granted, subject to further briefing and the Court's decision on the amount and reasonableness of the fees and costs. Further, the IRC's Motion will be denied as moot. Finally, the remaining bills of costs will be taxed equally against the IRC and the Secretary of State.

### BACKGROUND

The background of these consolidated cases is fully set forth in the Court's September 19, 2002 opinion, *Navajo Nation v. Arizona Indep. Redistricting Comm'n*, 230 F.Supp.2d 998 (D.Ariz.2002), and only the facts germane to the resolution of the pending matters are recounted below.

On May 1, 2002,[1] the Navajo Nation and the San Carlos Apache Tribe ("Native American Plaintiffs") filed suit against the IRC, alleging that the IRC 2001 Plan would diminish the voting strength of Native Americans, in violation of Section 2 of the Voting Rights Act. The complaint further alleged that the 1994 State legislative districts violated the United States Constitution because the districts were not equally populated.

In a second action brought the same day, the IRC also alleged that the 1994 State legislative districts violated the United States Constitution because the populations of those districts were not equal. The IRC requested an injunction to prevent Arizona Secretary of State Betsey Bayless from using the malapportioned 1994 legislative districts for the 2002 elections. Along with the complaint the IRC filed a motion for an order to show cause.[2]

On May 10, intervenor-plaintiff AFLR filed a complaint seeking an injunction to enjoin Secretary Bayless from using the malapportioned 1994 legislative districts, which allegedly discriminated against Republican voters.

Finally, intervenor-plaintiff Coalition filed a complaint and cross-complaint on May 10, seeking to enjoin Secretary Bayless from using the unconstitutional malapportioned 1994 legislative districts. The complaint and cross-complaint further alleged that the IRC's 2001 legislative redistricting plan ("IRC 2001 Plan") violated Section 2 of the Voting Rights Act and did not comply with the Arizona Constitution's requirement that legislative districts be competitive. The Coalition requested that the Court not endorse the IRC 2001 Plan because the Department of Justice ("DOJ") had not precleared it.

---

1. Except where otherwise noted, all the filings occurred in 2002.

2. The motion will be denied as moot in light of the Court's May 29 order directing the use of the IRC Revised Plan for the 2002 legislative elections and the Court's September 19 opinion explaining the order. The Clerk's Office will be directed to enter judgment in the underlying consolidated actions. The issue of attorney's fees is collateral to the underlying actions and will prompt a separate judgment upon final disposition of the attorney's fee matter. *See Int'l Ass'n of Bridge, Structural, Ornamental & Reinforcing Ironworkers' Local Union 75 v. Madison Indus., Inc.*, 733 F.2d 656, 658–59 (9th Cir.1984).

On May 17, the Court ordered each party to deposit $2,000.00 with the Clerk's Office for payment of the Special Master's fees and expenses. The Coalition, IRC, AFLR, and the Secretary of State and Citizens Clean Elections Commission ("Clean Elections") each deposited $2,000.00 payments. The City of Prescott Valley and the Town of Prescott Valley, that the Court considered one party, deposited $1,000.00 each.

On May 20, the DOJ denied preclearance of the IRC 2001 Plan and objected in particular to five Arizona legislative districts. In light of the DOJ's specific objections to the legislative districts within the denial of preclearance, the Native American Plaintiffs moved to dismiss, and the Court granted their motion. The IRC requested without objection, and the Court granted, a continuance to permit the IRC to attempt to address the DOJ's specific concerns.

The IRC then convened public hearings. On May 24, the remaining parties (the IRC, the AFLR, and the Coalition) informed the Court that they had reached agreement on an interim plan ("IRC Plan") for the 2002 elections. Addressing the undisputed issue, the Court on May 28, 2002 issued an Order declaring Arizona's 1994 legislative districts unconstitutional for the identical reason originally proffered and persistently maintained by all parties, that is, each of the 1994 districts were in violation of the Equal Protection Clause of the Fourteenth Amendment. A hearing was set to consider whether the agreed upon plan ("IRC Plan") would be adopted by the Court.

At the hearing on May 29, the parties presented evidence in support of the IRC Plan, including testimony and maps demonstrating the reshaping of the districts to address the DOJ's objections. In particular, evidence and testimony were presented showing the Coalition's successful efforts to persuade the Commission to include the communities of San Manuel and Oracle in District 23. At the conclusion of the hearing, the Court ordered that the IRC Plan would be used for the 2002 legislative elections.

The parties then began filing their bills of costs and motions for attorney's fees. On June 11, AFLR filed its Motion followed by the Coalition's Motion on June 12. Shortly thereafter, Maricopa County submitted its application to have costs taxed and its bill of costs. The Coalition, City of Prescott, and the Town of Prescott Valley filed their bills of costs on June 14, June 19 and June 25, respectively. On June 25 the Court ordered the parties to pay in its entirety the Special Master's expenses in the amount of $11,673.79.

On June 28 the IRC filed an objection to taxation of costs against it. The same day Secretary Bayless filed a motion to extend the time in which to respond to the bills of costs. On July 19 Intervenor Santa Cruz County joined in the motion to extend time, and opposed the requests for fees and costs. By stipulation on August 2 the Court granted the motion to extend time and bifurcated the issues of entitlement and the amount of fees. On August 7 the Coalition and AFLR filed their memoranda in support of their attorney's fees motions.

Numerous extensions of time were granted for the filing of memoranda and affidavits up to and including February 21, 2003, when AFLR filed the final pleading, a supplemental citation of authority in support of its motion for attorney's fees and costs.

## DISCUSSION

### A. *Attorney's Fees Motions*

AFLR and the Coalition have filed separate motions contending that each is a

"prevailing party" entitled to attorney's fees and costs pursuant to 42 U.S.C. §§ 1973*l* (e) and 1988.

■ Under 42 U.S.C. §§ 1973*l* (e) and 1988, a prevailing party may recover attorney's fees in an action or proceeding to enforce civil rights statutes, including the Voting Rights Act and voting rights protected under the Fourteenth and Fifteenth Amendments. *Brooks v. Georgia State Bd. of Elections,* 997 F.2d 857, 860–61 (11th Cir.1993). Courts do not distinguish between the two fees statutes because the standards for awarding fees under both are the same. *See, e.g., Hastert v. Illinois State Bd. of Election,* 28 F.3d 1430, 1439 n. 10 (7th Cir.1993); *Brooks,* 997 F.2d at 861; *Maloney v. City of Marietta,* 822 F.2d 1023, 1025 n. 2 (11th Cir.1987) (per curiam); *Donnell v. United States,* 682 F.2d 240, 245 (D.C.Cir.1982). The Ninth Circuit has not expressly considered the similarity between 42 U.S.C. §§ 1973*l* (e) and 1988, but it has acknowledged that the Supreme Court deems the two statutes nearly identical. *See Perez–Arellano v. Smith,* 279 F.3d 791, 794 (9th Cir.2002), *citing Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.,* 532 U.S. 598, 602–03, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001).

Further, the Ninth Circuit has assumed, without discussion, that an intervenor may be a prevailing party under 42 U.S.C. § 1988. *Seattle Sch. Dist. No. 1 v. Washington,* 633 F.2d 1338, 1349–50 (9th Cir. 1980). The Seventh Circuit has done the same, including 42 U.S.C. §§ 1973*l* (e) with 1988. *Hastert,* 28 F.3d at 1440–41. The D.C. Circuit's position is that an intervenor litigating the same side as a governmental entity must play an active rather than redundant role to be eligible for attorney's fees. *Donnell v. United States,* 682 F.2d at 247–48.

■ To qualify as a prevailing party under 42 U.S.C. § 1988 a party must obtain actual relief on the merits of his claim that "materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Barrios v. Cal. Interscholastic Fed'n,* 277 F.3d 1128, 1134 (9th Cir.2002) (citation omitted); *see also Richard S. v. Dep't of Developmental Svcs.,* 317 F.3d 1080 (9th Cir.2003). Enforceable judgments on the merits or a settlement agreement enforceable through a consent decree are among the acts that create the material alteration of the legal relationship of the parties necessary to permit an award of attorney's fees. *Buckhannon Bd. & Care Home, Inc.,* 532 U.S. at 604–05, 121 S.Ct. 1835. Another such alteration occurs when a court signs an order incorporating a stipulation by the parties. *Labotest, Inc. v. Bonta,* 297 F.3d 892, 895 (9th Cir.2002). A party may not recover attorney's fees, however, if the defendant voluntarily changes its behavior. *Buckhannon Bd. & Care Home, Inc.,* 532 U.S. at 608 n. 9, 121 S.Ct. 1835. Under the *Buckhannon* standard, a district court may no longer confer prevailing-party status under the "catalyst theory," which had allowed attorney's fees if plaintiff's action was a catalyst motivating the defendant to provide the relief originally sought through litigation. *Labotest, Inc.,* 297 F.3d at 894–95; *Perez–Arellano,* 279 F.3d at 793 n. 2; *Bennett,* 259 F.3d at 1100–01. Concomitantly, the Ninth Circuit rejected the "central issue" test, which required a plaintiff to prevail on the "central" issue in litigation to qualify as a prevailing party. *Herrington v. County of Sonoma,* 883 F.2d 739, 744 (9th Cir.1989) (order).

■ Although 42 U.S.C. §§ 1973*l* (e) and 1988 commit fee awards to the district court's discretion, Congress has provided clarifying guidance that prevailing plaintiffs should ordinarily recover attorney's fees unless special circumstances would

render such an award unjust. *Hastert*, 28 F.3d at 1439. A plaintiff may be considered a prevailing party if it succeeds on any significant issue in litigation which achieves some benefit the party sought in bringing suit. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

■ If the court determines that a party is prevailing, the court must determine the appropriate amount of fees to be awarded. *See Dillard v. City of Greensboro*, 34 F.Supp.2d 1330, 1341 (M.D.Ala. 1999). If a party is only partially successful the court may consider this feature in determining the amount of an award. *Hensley*, 461 U.S. at 440, 103 S.Ct. 1933.

Finally, a request for attorney's fees is resolved within the parameters established by the Supreme Court, including the principle that the request must not result in a second major litigation. *Buckhannon Bd. & Care Home*, 532 U.S. at 609, 121 S.Ct. 1835; *Hensley*, 461 U.S. at 437, 103 S.Ct. 1933.

#### 1. AFLR's Motion for Attorney's Fees

AFLR contends that it is a prevailing party because it: (1) prevented use of gerrymandered and competitive districts proposed by the Coalition in the form of the Navajo Preferred Plan; (2) prevented the use of districts that were not of equal population; and (3) persuaded the Court to defer to the IRC's redistricting plan and order a revised plan for emergency interim implementation and use.

Secretary Bayless and the IRC argue that AFLR is not entitled to attorney's fees because: (1) AFLR did not bring about a legal change in the relationship of the parties, and in particular against the IRC; (2) AFLR has not shown a causal link between its efforts and the demise of the Navajo Preferred Plan; and (3) special circumstances do not warrant an award of attorney's fees.

Regarding the first reason advanced by AFLR, it is urged that the Court made findings based on its counsel's affidavit that under the Arizona Constitution the Navajo Preferred Plan was a gerrymander and unconstitutional. The parties began litigating the issue of competitiveness in state court. The Coalition also alleged a state law competitiveness claim in its federal complaint and cross complaint. The Court, however, made no findings on whether the Navajo Preferred Plan was a gerrymander or complied with the competitiveness clause of the Arizona Constitution, and there is no express or implicit order, agreement, or judicial imprimatur that changed the legal relationship of the parties on these issues. The Court declines to address, because speculative, whether AFLR prevailed at stalling the Coalition gerrymander. *Cf. Williams v. Bd. of Comm'rs*, 938 F.Supp. 852, 857 (S.D.Ga.1996) (district court declined to address political objectives of a plaintiff because of a lack of support in the record).[3] Thus, AFLR did not prevail on the issue of competitiveness or a Democratic gerrymander.

On the second issue the AFLR contends that it prevailed because the injunction preventing the Secretary from using the malapportioned 1994 legislative districts for the 2002 elections was granted by the court. Although such an order was issued on May 28 declaring the 1994 legislative districts unconstitutional, the Court finds that the malapportionment of those districts was not a "significant issue" for the purpose of establishing prevailing party

---

**3.** Because the record does not support AFLR's contention that it prevented use of the Navajo Preferred Plan, the Court need not address the IRC's alternative argument that AFLR failed to show causation in preventing use of that plan.

status. Each of the *original* complaints in all of the consolidated actions alleged that the 1994 legislative districts were malapportioned. When AFLR intervened in both actions it joined the identical issue previously raised that the 1994 legislative districts were malapportioned. In fact, no party ever disputed that the districts were not proportioned equally. Where all parties from the outset of the litigation agreed on an issue, it is not a significant issue warranting an award of attorney's fees. *Cf. Williams v. Bd. of Comm'rs,* 938 F.Supp. at 857 and *Donnell v. United States,* 682 F.2d at 247–48. The Court concludes that the issue was not significant.

■ AFLR further argues that it prevailed on the issue of deference to the IRC's Plan. AFLR's complaint sought the remedy of adoption of the unprecleared IRC 2001 legislative redistricting plan. In the early stages of this litigation, the Court asked the parties to brief whether the Court should defer to that unprecleared plan. AFLR and the IRC argued that Supreme Court precedent required the Court to defer to the IRC 2001 plan because it had been subject to legislative scrutiny. *See Upham v. Seamon,* 456 U.S. 37, 102 S.Ct. 1518, 71 L.Ed.2d 725 (1982). The Coalition countered that *Lopez v. Monterey County,* 519 U.S. 9, 117 S.Ct. 340, 136 L.Ed.2d 273 (1996), prevented the Court from adopting the IRC 2001 Plan because the DOJ had not precleared it. The Court did not conclude that either party prevailed on this issue. Instead, the need for deference to the IRC 2001 Plan became moot because the DOJ failed to preclear it, the districts were rearranged, and a new IRC Plan, was finally adopted. AFLR is not a prevailing party on the issue of deference to the IRC 2001 Plan.

### 2. Coalition's Motion for Attorney's Fees

#### (i) Is the Coalition a Prevailing Party? [4]

The Coalition contends that it is a prevailing party because it: (1) also achieved its requested remedy of the declaration of the 1994 legislative districts as unconstitutional; and (2) was instrumental in reshaping District 23 in favor of Hispanic voters.

Secretary Bayless and the IRC respond that the Coalition is not entitled to attorney's fees because: (1) the Coalition did not obtain relief on the merits of its claim (adoption of the Navajo Preferred Plan and competitiveness); (2) the Coalition obtained no relief against the IRC; (3) no case supports an award of attorney's fees where all parties stipulate to the map drawn by an independent legislative body; (4) the Coalition seeks fees under the now-defunct catalyst theory; (5) the Coalition's goal of competitive districts conflicts with its goal of increasing Hispanic voting rights; and (6) special circumstances do not warrant an award of attorney's fees.

The law on attorney's fees in the redistricting context does not lend itself to easy application to the facts presented here.

■ First, for the same reasons that AFLR did not prevail on the issue of malapportionment of the 1994 legislative districts, the Coalition has not prevailed on this issue. *Supra* at 1094–95. The fact that a party does not succeed on one aspect of its claim, however, does not preclude a fee award as long as the party succeeds on any other significant issue in the litigation. *See Hensley,* 461 U.S. at 440, 103 S.Ct. 1933 (holding that the degree of success is a factor to consider in determining reasonableness of an award); *Herrington v. County of Sonoma,* 883 F.2d at 744 (plaintiff need not prevail on all

---

**4.** The Coalition has not provided detailed time records with its attorney's fees motion because the parties agreed to defer that determination until the Court resolved the prevailing party status issues. The Coalition seeks fees against the IRC and Secretary Bayless.

issues or even a "central" issue in the litigation to be a prevailing party).

The Coalition obtained relief against the IRC because the stipulated IRC Plan adopted by the Court on May 29, 2002 incorporated the Coalition's originally proposed changes to District 23. The Court heard testimony at the May 29, 2002 hearing that in 2001, Senator Pete Rios, with the support of the Coalition, urged the IRC to include the communities of San Manuel and Oracle in what would become District 23. The IRC, however, did not originally include this request in the 2001 Plan. The testimony at the May 29, 2002 hearing was that the IRC was influenced by the Coalition's efforts at the May 20 and May 21 IRC meetings to include San Manuel and Oracle in the agreed-upon IRC Plan. Hence, the IRC changed its course and accepted the very proposal for District 23 forwarded by the Coalition, but only after the IRC's configuration was challenged by DOJ. Thereafter, the Court approved the Coalition's plan to which the IRC and the Secretary of State acquiesced, precipitating a change in the legal relationship of the parties. *Labotest, Inc. v. Bonta,* 297 F.3d at 895; *Bennett v. Yoshina,* 259 F.3d at 1100.[5]

■■■ The IRC argues that the Coalition's complaint did not specifically request adoption of the stipulated IRC Plan. This contention lacks merit because in open court, the Court granted the Coalition's motion to amend its complaint to seek adoption of the IRC Plan. *See Hastert,* 28 F.3d at 1442 (noting that a party's failure to formally adopt the prevailing map did not necessarily indicate that the party did

not prevail). Furthermore, fees are not necessarily precluded on grounds that claims may have changed after resolution of key issues as long as the new issues are not distinctly different. *See Dillard v. City of Greensboro,* 34 F.Supp.2d at 1340 (plaintiff who originally brought Section 2 claim may obtain attorney's fees for prevailing on claims that related to enforcement of a consent decree); *Brooks v. Georgia State Bd. of Elections,* 997 F.2d at 864 (holding that award for post-judgment preclearance work was within the district court's discretion). *See also Sablan v. Dep't of Fin.,* 856 F.2d 1317, 1325 (9th Cir.1988) (noting that as long as the relief obtained is of the same general type, a fee award may be indicated).[6] The Coalition is a prevailing party on this issue.

■■■ Any argument that the Coalition's goal of competitive districts conflicted with its goal of increasing Hispanic voting rights will be addressed where relevant in determining the reasonableness of fees. *See Daggett v. Kimmelman,* 811 F.2d 793, 801 (3rd Cir.1987) (holding that hours spent on partisan proceedings may be considered in reducing a fee award); *see also Bauer v. Sampson,* 261 F.3d 775, 786–87 (9th Cir.2001) (holding that a party's failure on some causes of action may still entitle the party to a full award of fees); *Herrington v. County of Sonoma,* 883 F.2d at 743 (court should consider the prevailing party's degree of success in calculating the amount of fees).

### (ii) Special Circumstances

Once the Court determines that a party has prevailed on at least one significant

---

**5.** The Coalition did not proffer a catalyst theory. *See Barrios v. Cal. Interscholastic Federation,* 277 F.3d 1128, 1134–35 n. 5 (9th Cir. 2002) (settlement agreement providing relief sought is a legally enforceable policy change rather than a mere catalyst).

**6.** Although *Sablan* analyzed a fee award under the now-defunct catalyst theory, in a post-*Buckhannon* case, the Ninth Circuit recently approved of *Sablan* to the extent that the degree of success is relevant in determining the reasonableness of a fee award. *See Bauer v. Sampson,* 261 F.3d 775, 786 (9th Cir.2001).

issue in litigation, the Court turns to whether an attorney's fee award is improper under the "special circumstances" exception.

■ This Court's discretion to deny fees under 42 U.S.C. § 1988 is very narrow, as fee awards should be the rule rather than the exception. *Herrington v. County of Sonoma*, 883 F.2d at 743. The defendant has the burden of showing special circumstances warrant a denial of fees. *Id.* at 744.

Secretary Bayless argues that an attorney's fee award imposed against her would be unjust because she is only a nominal defendant who took no position on which of the competing plans should be adopted. Rather, she was merely following her duty under state law. *See Daggett v. Kimmelman*, 617 F.Supp. 1269, 1279 (D.N.J.1985), *affirmed in relevant part without discussion*, 811 F.2d 793 (3rd Cir.1987). The Ninth Circuit has held in the context of 42 U.S.C. § 1988 and a related statute that an absence of bad motives may constitute special circumstances to preclude an award against named defendants in their individual capacities but does not bar an award against the state or named individuals in their official capacities. *Seattle Sch. Dist. No. 1 v. Washington*, 633 F.2d 1338, 1348–49 (9th Cir.1980). More recently, the Circuit has held that a party's good faith stand on a legal issue is not enough, on its own, to warrant a finding of special circumstances. *See Bauer v. Sampson*, 261 F.3d 775, 786 (9th Cir.2001). The Seventh Circuit has ruled directly on the issue as it relates to 42 U.S.C. § 1973*l* (e), holding that fees may be charged against state entities, notwithstanding their good faith in enforcing a legal requirement imposed on them. *See Hastert*, 28 F.3d at 1444 n. 16.

Secretary Bayless urges the Court to reject the *Hastert* rule and adopt the position of the dissenting judge, who believed

that it was unjust to charge fees against a state defendant because parties will be encouraged to seek windfalls in other cases. *Id.* at 1446. The Secretary's position is untenable, however, because no other cases have adopted the *Hastert* dissent or the *Daggett* rule. Rather, other decisions hold that a state defendant can be held liable for attorney's fees for actions carried out in an official capacity under 42 U.S.C. § 1988, notwithstanding absence of bad faith. *See Hutto v. Finney*, 437 U.S. 678, 693–99, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978); *Pickett v. Milam*, 579 F.2d 1118, 1120 (8th Cir.1978).

■ The IRC and Secretary of State have not met their burden of showing that special circumstances warrant a denial of fees.

**B.** *Bills of Costs*

Maricopa County, the Coalition, AFLR, City of Prescott and Town of Prescott Valley each have submitted a bill of costs for the Special Master's fees.

■ The compensation of a Special Master is governed by Fed.R.Civ.P. 53(a), which provides the Court with the discretion to fix the compensation and charge the costs to any party. *See Jackson v. Nassau County Bd. of Supervisors*, 157 F.R.D. 612, 617 (E.D.N.Y.1994). Because none of the parties objected to the Special Master's final calculation of his fees and expenses, the Court ordered a specific payment to the Special Master. The only question is against whom should the Special Master's fees and expenses be taxed. Comparing special masters' fees in other redistricting cases where the fees have exceeded hundreds of thousands of dollars, *see Jackson v. Nassau County Bd. of Supervisors*, 157 F.R.D. 612, 624 (E.D.N.Y. 1994), the $11,673.79 claimed by Special Master in this matter is very reasonable. Further, because the entire consent of fees

and costs has been divided between all the parties, the contribution by each party is minimal. In the end, the citizens of the State of Arizona benefitted from the Special Master's expertise because the Court considered his report in reaching an expeditious decision on the constitutionality of the IRC Plan. Accordingly, it is only a slight inconvenience that all the parties and intervenors charged with formulating and implementing the State's decennial redistricting plans shoulder the responsibility for the Special Master's fees.

### CONCLUSION

The Court finds that AFLR is not a prevailing party, and the Coalition is in part a prevailing party and the State defendants have not met their burden of showing that special circumstances warrant a denial of attorney's fees. The amount of the Coalition's degree of success will be subsequently briefed and the Court taxes the bills of costs equally against the IRC and Secretary of State with adjustments for amounts the parties have already paid.

**IT IS HEREBY ORDERED** that the IRC's Motion for Order to Show Cause (Doc. # 3) is **DENIED** as moot. The Clerk's Office is directed to enter judgment in the underlying consolidated actions.

**FURTHER ORDERED** that AFLR's Motion for Attorney's Fees and Non-taxable Costs (Doc. # 127) is **DENIED**.

**FURTHER ORDERED** that the Coalition's Motion for Attorney's Fees (Doc. # 128) is **GRANTED IN PART** and **DENIED IN PART**.

**FURTHER ORDERED** that the Coalition shall file detailed documentation and justification on the reasonableness of its fees and costs on or before October 21, 2003. Any response should be filed on or before November 3, 2003, and any reply shall be filed on or before November 17, 2003.

**FURTHER ORDERED** that the bills of costs shall be taxed equally against the IRC and the Secretary of State, both of which shall remit to the Clerk of the Court within fourteen (14) days of entry of this order their portion of the total amount claimed in the bills of costs, less any amount the IRC and Secretary of State have already remitted.