**NOT FOR PUBLICATION**

APR 03 2014

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| LYNDA BARRERA, | No. 12-16388 |
| Plaintiff - Appellee, | D.C. No. 2:09-cv-02289-ECR-PAL |
| v. | |
| WESTERN UNITED INSURANCE COMPANY, DBA AAA Nevada Insurance Company, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| LYNDA BARRERA, | No. 12-16410 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-02289-ECR-PAL |
| v. | |
| WESTERN UNITED INSURANCE COMPANY, DBA AAA Nevada Insurance Company, | |
| Defendant - Appellee. | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the District of Nevada
Edward C. Reed, Jr., Senior District Judge, Presiding

Argued and Submitted March 14, 2014
San Francisco, California

Before: WALLACE and GOULD, Circuit Judges, and HUCK, Senior District Judge.[**]

After Lynda Barrera was involved in a hit-and-run automobile collision, and warned her car insurer, AAA Nevada Insurance Company (AAA), that she would be receiving medical care, she failed to provide an authorization to review medical records for over a year, despite repeated telephone calls to her counsel. After she provided an authorization, but still failed to provide other requested medical information, her lawyer demanded an immediate response to his settlement offer. Barrera rejected AAA's counter-offer and sued for breach of her insurance contract, violations of the Nevada Unfair Claims Practices Act, and bad faith.

After discovery, AAA moved for summary judgment. The district court granted summary judgment on the Unfair Claims Practice Act and bad faith claims, thus also resolving her claims for punitive and compensatory damages. The district court denied summary judgment on the contractual insurance claim, although it

---

[**] The Honorable Paul C. Huck, Senior District Judge for the U.S. District Court for Southern Florida, sitting by designation.

stated it was "a very close case," given the long delays caused by Barrera's attorney's conduct. AAA filed a motion for attorneys' fees under: (1) Nevada Revised Statute 18.010, which allows a court to grant fees to prevailing parties when the opposing party brought its claim "without reasonable ground or to harass the prevailing party," and (2) under Nevada Revised Statute 17.115 and Nevada Rule of Civil Procedure 68, which allows a court to grant attorneys' fees after an offer of settlement was rejected by the offeree if the offeree fails to obtain a more favorable judgment. The district court rejected both of AAA's arguments, and allowed no attorneys' fees. After resolution of the claims, the district court taxed costs in favor of AAA.

Barrera now appeals from the summary judgment and taxation of costs. AAA cross-appeals from the denial of attorneys' fees. The district court had diversity jurisdiction[1] over Barrera's claims. 28 U.S.C. § 1332. We have jurisdiction over the appeal from the summary judgment and denial of attorneys' fees under 28 U.S.C. § 1291, and affirm the district court.

---

[1] Though neither the parties nor the district court noticed, in her complaint Barrera pleaded that she was a "resident" of Nevada. The federal courts only have jurisdiction when the a case is between "*citizens* of different States." 28 U.S.C. § 1332(a)(1) (emphasis added). However, the district court properly had jurisdiction because AAA never challenged that she was a citizen of Nevada. *See, e.g.*, *Anderson v. Watts*, 138 U.S. 694, 706 (1891) ("The place where a person lives is taken to be his domicile until facts adduced establish the contrary").

We review the summary judgment de novo. *Parth v. Pomona Valley Hosp. Med. Ctr.*, 630 F.3d 794, 798 (9th Cir. 2010). We affirm the district court's summary judgment on Barrera's claims because, viewing the evidence in Barrera's favor, there are no genuine issues of material fact to support her claims under the Nevada Unfair Claims Practices Act or bad faith. Barrera has failed to provide any evidence or authority to support those claims. *Id.* at 805. Because Barrera has raised no issue of primary liability, we also affirm the district court's summary judgment on damages.

We review the district court's denial of a motion for attorneys' fees for abuse of discretion. *Labotest, Inc. v. Bonta*, 297 F.3d 892, 894 (9th Cir. 2002). The district court correctly stated the applicable law to AAA's motion for attorneys' fees pertinent to NRS 18.010, and correctly stated the four legal factors authorized by the Nevada Supreme Court in deciding whether to award fees against a losing party that rejected a settlement offer. *Beattie v. Thomas*, 668 P.2d 268, 274 (Nev. 1983). Given the conduct of Barrera's attorney, we might have applied Nevada law differently than did the district court, but "we may not simply substitute our view for that of the district court," whose application of the law was not illogical, implausible, or without support in inferences that may be drawn from the facts in

4

the record. *United States v. Hinkson*, 585 F.3d 1247, 1261–1262 (9th Cir. 2009) (en banc).

Finally, we review the costs allowed to AAA for abuse of discretion. *Ass'n of Mexican-American Educators v. California*, 231 F.3d 572, 592 (9th Cir. 2000) (en banc). The district court's award of costs to AAA was not an abuse of discretion. Barrera has not cited any evidence in the record to support her argument that costs were improperly calculated, so we reject that argument.

**AFFIRMED.**