

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NEI CONTRACTING AND ENGINEERING, INC., on Behalf of Itself and All Others Similarly Situated, | No. 17-55903 |
| Plaintiff-Appellant, | D.C. No. 3:12-cv-01685-BAS-JLB |
| v. | MEMORANDUM[*] |
| HANSON AGGREGATES PACIFIC SOUTHWEST, INC., a Delaware Corporation; HANSON AGGREGATES, INC.; LEHIGH HANSON, CO., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Cynthia A. Bashant, District Judge, Presiding

Argued and Submitted November 15, 2018
Pasadena, California

Before: PAEZ and CLIFTON, Circuit Judges, and GLEASON,[**] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Sharon L. Gleason, United States District Judge for the District of Alaska, sitting by designation.

This memorandum disposition, filed concurrently with our opinion in this case, is limited to addressing Plaintiff-Appellant's challenge to the district court's order denying its motion for attorney's fees. We affirm the district court's order.

**1.** Plaintiff-Appellant NEI Contracting and Engineering ("NEI") sought to recover attorneys' fees pursuant to California Civil Procedure Code § 1021.5 and the catalyst theory. The district court declined to award attorney's fees, finding that NEI did not satisfy any of the requirements for recovery under the catalyst theory, including the prelitigation demand requirement. We review a district court's decision to deny attorneys' fees pursuant to a state-law provision for abuse of discretion. *Indep. Living Ctr. of S. California, Inc. v. Kent*, 909 F.3d 272, 278 (9th Cir. 2018). "Abuse of discretion occurs if the district court based its decision 'on an erroneous legal conclusion or a clearly erroneous finding of fact.'" *Id.* (quoting *Labotest, Inc. v. Bonta*, 297 F.3d 892, 894 (9th Cir. 2002)). "We review de novo whether the district court 'applied the correct legal standard in determining entitlement to attorneys' fees.'" *Id.* (quoting *Klein v. City of Laguna Beach*, 810 F.3d 693, 698 (9th Cir. 2016)).

**2.** The district court's conclusion that NEI did not satisfy the prelitigation demand requirement did not constitute an abuse of discretion. NEI did not attempt to settle the dispute prior to filing the lawsuit. Furthermore, substantial evidence

before the trial court suggested that prelitigation settlement efforts would not have been futile. The decision by defendant-appellant Hanson Aggregates Pacific Southwest, Inc. ("Hanson") to modify its recording during the litigation "indicat[ed] it was not stalwartly opposed to modifying its phone system's admonition." That the modification occurred shortly after NEI filed its Second Amended Complaint provides further evidence that Hanson may well have been amenable to settling prior to litigation.

**3.** NEI's arguments to the contrary are not convincing. First, NEI contends that because Hanson has never been willing to concede that its initial recorded message was inadequate, it would not have agreed to change the recorded admonition before NEI filed its suit. But during the litigation, Hanson actually did alter the admonition, albeit while simultaneously continuing to assert that the original admonition was sufficient. NEI has not established that Hanson's "steadfast" position regarding the admonition would have been incompatible with a willingness to change the recording had it been asked; if anything, Hanson's conduct suggests the opposite. Second, NEI contends that this case is analogous to *Cates v. Chiang*, in which a California appellate court concluded that a prelitigation settlement demand would have been futile. *See* 153 Cal. Rptr. 3d 285, 307–08 (Cal. Ct. App. 2013). But in *Cates*, the defendant altered its conduct only

after four years of litigation. *Id.* at 306. Hanson altered its recorded message just a few months after NEI first asserted its § 632.7 claim. This case is also distinguishable from *MacDonald v. Ford Motor Co.* — another case relied upon by NEI. 142 F. Supp. 3d 884 (N.D. Cal. 2015). In that case, plaintiffs served the defendant with two prelitigation demand letters prior to filing the lawsuit, and the parties agreed that any prelitigation settlement attempt would have been futile. *Id.* at 888, 895. Finally, NEI argues that the court incorrectly reasoned that NEI was unable to show the futility of a prelitigation demand because Hanson changed its behavior only a few months after NEI clarified its theory of relief. NEI's proposed approach would reward litigants who initially file and litigate specious claims — an outcome at odds with the purpose of the prelitigation demand requirement. *Cf. Graham v. DaimlerChrysler Corp.*, 101 P.3d 140, 155 (Cal. 2004), *as modified* (Jan. 12, 2005) ("Awarding attorney fees for litigation when those rights could have been vindicated by reasonable efforts short of litigation does not advance [the] objective [of § 1021.5] and encourages lawsuits that are more opportunistic than authentically for the public good.").

**4.** The district court did not abuse its discretion in finding that NEI did not satisfy the prelitigation demand requirement. Because this conclusion is dispositive as to NEI's inability to recover pursuant to the catalyst theory, the

4

Court does not address the other requirements for an award of attorneys' fees under § 1021.5. *See Carian v. Dep't of Fish & Wildlife*, 185 Cal. Rptr. 3d 594, 605 (Cal. Ct. App. 2015). Accordingly, the district court's order denying NEI's motion for attorney's fees is **AFFIRMED**.