5 Cal.Rptr.3d 408 (2003)
112 Cal.App.4th 736
TRAFFICSCHOOLONLINE, INC., Plaintiff and Appellant,
v.
John A. CLARKE, as Administrator, etc., et al., Defendants and Respondents.
No. B161974.
Court of Appeal, Second District, Division Five.
October 14, 2003.
Merrill, Arnone & Jones, William J. Arnone, Jr., Marlon V. Young and Elizabeth R. Palmer, Santa Rosa, for Plaintiff and Appellant.
*409 Thelen Reid & Priest, Curtis A. Cole and Kenneth R. Pedroza, Los Angeles, and E. Todd Chayet for Defendants and Respondents.
TURNER, P.J.
Plaintiff, TrafficSchoolOnline, Inc., appeals from a summary judgment entered in favor of defendants, John A. Clarke and the Superior Court of the State of California in and for the County of Los Angeles. Because all of plaintiffs damage claims are barred by its failure to file a Government Code section 945.4 claim, summary judgment was properly entered. We therefore reject plaintiffs argument that an incidental damage cause of action, when joined with a request for equitable relief in a mandate petition, is not subject to the Government Code section 945.4 claim requirement.
On September 3, 1999, plaintiff filed an amended mandate petition naming as defendants the former Los Angeles Judicial District of the Los Angeles County Municipal Court, a committee of that court, and its former administrator, Frederick K. Ohlrich. The amended mandate petition sought to compel the court to: apply its published procedures in determining whether to use plaintiff as a home study traffic program; apply its published procedures and criteria to all applicants seeking approval of their home study traffic programs; and, in alternative to the first two options, to list plaintiff as an approved provider of its home study program. (See TrafficSchoolOnline, Inc. v. Superior Court (2001) 89 Cal.App.4th 222, 225-227, 107 Cal.Rptr.2d 412.) Additionally, plaintiff sought damages according to proof but not less than $100,000. Prior to the filing of the summary judgment motion, Mr. Clarke was substituted in the place of Mr. Ohlrich. Also prior to the filing of the summary judgment motion at issue, plaintiff was added to the list of approved home traffic school providers. Hence, in their summary judgment motion, defendants asserted that all of the equitable requests in the mandate petition were moot because plaintiff had been added to the list of approved home traffic school providers. On appeal, plaintiff does not deny that all of its equitable relief requests, which sought in essence that it be accepted as a home traffic school provider, are now moot.
The issue that remains though is plaintiffs damage request. Plaintiff characterizes its monetary relief claim as one for "incidental damages." Defendants contend that plaintiff may not recover any monetary relief based in part on the undisputed fact that it never filed a Government Code section 945.4 tort claim before filing suit. According to defendants' separate statement of undisputed facts, plaintiff is seeking $1 million in damages. Plaintiff argues that no tort claim had to be filed because it is seeking only incidental damages. We conclude summary judgment was properly entered.
We apply the following standard of review as articulated by the Supreme Court. In Aguilar v. Atlantic Richfield, Co. (2001) 25 Cal.4th 826, 850-851, 107 Cal.Rptr.2d 841, 24 P.3d 493, the Supreme Court described a party's burdens on summary judgment or adjudication motions as follows: "[F]rom commencement to conclusion, the party moving for summary judgment bears the burden of persuasion that there is no triable issue of material fact and that he is entitled to judgment as a matter of law. That is because of the general principle that a party who seeks a court's action in his favor bears the burden of persuasion thereon. [Citation.] There is a triable issue of material fact if, and only if, the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard *410 of proof.... [¶] [T]he party moving for summary judgment bears an initial burden of production to make a prima facie showing of the nonexistence of any triable issue of material fact; if he carries his burden of production, he causes a shift, and the opposing party is then subjected to a burden of production of his own to make a prima facie showing of the existence of a triable issue of material fact.... A prima facie showing is one that is sufficient to support the position of the party in question. [Citation.]" (Fns. omitted; see Kids' Universe v. In2Labs (2002) 95 Cal.App.4th 870, 877-878, 116 Cal.Rptr.2d 158.) We review the trial court's decision to enter summary judgment de novo. (Johnson v. City of Loma Linda (2000) 24 Cal.4th 61, 65, 67-68, 99 Cal.Rptr.2d 316, 5 P.3d 874; Sharon P. v. Arman, Ltd. (1999) 21 Cal.4th 1181, 1188, 91 Cal.Rptr.2d 35, 989 P.2d 121, disapproved on another point in Aguilar v. Atlantic Richfield Co., supra, 25 Cal.4th at p. 853, fn. 19, 107 Cal.Rptr.2d 841, 24 P.3d 493.) The trial court's stated reasons for granting summary judgment are not binding on us because we review its ruling, not its rationale. (Continental Ins. Co. v. Columbus Line, Inc. (2003) 107 Cal.App.4th 1190, 1196, 133 Cal.Rptr.2d 199; Dictor v. David & Simon, Inc. (2003) 106 Cal. App.4th 238, 245, 130 Cal.Rptr.2d 588.)
Whether incidental damages sought in conjunction with a mandate petition are subject to the Government Code section 945.4 claim filing requirement is largely an issue of statutory construction. We apply the following principles for construing statutes articulated by the California Supreme Court: "When interpreting a statute our primary task is to determine the Legislature's intent. [Citation.]" (Freedom Newspapers, Inc. v. Orange County Employees Retirement System (1993) 6 Cal.4th 821, 826, 25 Cal.Rptr.2d 148, 863 P.2d 218; People v. Jones (1993) 5 Cal.4th 1142, 1146, 22 Cal.Rptr.2d 753, 857 P.2d 1163.) The Supreme Court has emphasized that the words in a statute selected by the Legislature must be given a commonsense meaning when it noted: "`Our first step [in determining the Legislature's intent] is to scrutinize the actual words of the statute, giving them a plain and commonsense meaning. (Mercer v. Department of Motor Vehicles (1991) 53 Cal.3d 753, 763, [280 Cal.Rptr. 745, 809 P.2d 404][ ]; Lungren v. Deukmejian (1988) 45 Cal.3d 727, 735, [248 Cal.Rptr. 115, 755 P.2d 299][ ].)' (People v. Valladoli (1996) 13 Cal.4th 590, 597, [54 Cal.Rptr.2d 695, 918 P.2d 999][].)" (California Teachers Assn. v. Governing Bd. of Rialto Unified School Dist. (1997) 14 Cal.4th 627, 633, 59 Cal.Rptr.2d 671, 927 P.2d 1175.) Further, the California Supreme Court has noted: "`If the language is clear and unambiguous there is no need for construction, nor is it necessary to resort to indicia of the intent of the Legislature (in the case of a statute)....' [Citation.]" (Delaney v. Superior Court (1990) 50 Cal.3d 785, 798, 268 Cal.Rptr. 753, 789 P.2d 934; People v. Overstreet (1986) 42 Cal.3d 891, 895-896, 231 Cal.Rptr. 213, 726 P.2d 1288.) However, the literal meaning of a statute must be in accord with its purpose. The California Supreme Court noted in Lakin v. Watkins Associated Industries (1993) 6 Cal.4th 644, 658-659, 25 Cal.Rptr.2d 109, 863 P.2d 179, as follows: "We are not prohibited `from determining whether the literal meaning of a statute comports with its purpose or whether such a construction of one provision is consistent with other provisions of the statute. The meaning of a statute may not be determined from a single word or sentence; the words must be construed in context, and provisions relating to the same subject matter must be harmonized to the extent possible. [Citation.] Literal construction should not prevail if it is contrary to the legislative intent apparent in *411 the [statute].'" (Accord, People v. King (1993) 5 Cal.4th 59, 69, 19 Cal.Rptr.2d 233, 851 P.2d 27.) In Lungren v. Deukmejian, supra, 45 Cal.3d at page 735, 248 Cal.Rptr. 115, 755 P.2d 299, our Supreme Court added: "The intent prevails over the letter, and the letter will, if possible, be so read as to conform to the spirit of the act. [Citations.] An interpretation that renders related provisions nugatory must be avoided [citation]; each sentence must be read not in isolation but in the light of the statutory scheme [citation]...." (Accord, People v. King, supra, 5 Cal.4th at p. 69, 19 Cal.Rptr.2d 233, 851 P.2d 27.) The Supreme Court has held: "`The courts must give statutes a reasonable construction which conforms to the apparent purpose and intention of the lawmakers.' (Clean Air Constituency v. California State Air Resources Bd. (1974) 11 Cal.3d 801, 813, [114 Cal.Rptr. 577, 523 P.2d 617].)" (Webster v. Superior Court (1988) 46 Cal.3d 338, 344, 250 Cal.Rptr. 268, 758 P.2d 596.) In People v. Jefferson (1999) 21 Cal.4th 86, 94, 86 Cal.Rptr.2d 893, 980 P.2d 441, the Supreme Court held: "`When the statutory language is ambiguous, the court may examine the context in which the language appears, adopting the construction that best harmonizes the statute internally and with related statutes. ([Hsu v. Abbara (1995) 9 Cal.4th 863, 871, [39 Cal. Rptr.2d 824, 891 P.2d 804]]; Woods v. Young (1991) 53 Cal.3d 315, 323, [279 Cal. Rptr. 613, 807 P.2d 455][ ].)' (Pacific Gas & Electric Co. v. County of Stanislaus (1997) 16 Cal.4th 1143, 1152, 69 Cal. Rptr.2d 329, 947 P.2d 291[ ].) `"When the language is susceptible of more than one reasonable interpretation ..., we look to a variety of extrinsic aids, including the ostensible objects to be achieved, the evils to be remedied, the legislative history, public policy, contemporaneous administrative construction, and the statutory scheme of which the statute is a part."` (Granberry v. Islay Investments (1995) 9 Cal.4th 738, 744, 38 Cal.Rptr.2d 650, 889 P.2d 970[ ].)"
In this case, we are applying the Tort Claims Act. In interpreting the Tort Claims Act, we are mindful that our Supreme Court has noted: "`[T]he intent of the [Tort Claims Act] is not to expand the rights of plaintiffs in suits against governmental entities, but to confine potential governmental liability to rigidly delineated circumstances: immunity is waived only if the various requirements of the act are satisfied.' [Citation.]" (Brown v. Poway Unified School Dist. (1993) 4 Cal.4th 820, 829, 15 Cal.Rptr.2d 679, 843 P.2d 624; accord, Teter v. City of Newport Beach (2003) 30 Cal.4th 446, 451, 133 Cal.Rptr .2d 139, 66 P.3d 1225; Caldwell v. Montoya (1995) 10 Cal.4th 972, 985, 42 Cal.Rptr.2d 842, 897 P.2d 1320; Zelig v. County of Los Angeles (2002) 27 Cal.4th 1112, 1127-1128, 119 Cal.Rptr.2d 709, 45 P.3d 1171; Williams v. Horvath (1976) 16 Cal.3d 834, 838, 129 Cal.Rptr. 453, 548 P.2d 1125.)
Resolution of this case requires discussion of three points. First, plaintiffs damage claim is barred by the explicit provisions of Government Code section 945.4, which states: "[N]o suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented ... until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board... ." As can be noted, Government Code section 945.4 explicitly states "no" damage suit may be pursued unless there is compliance with the claim statutes. As we noted in connection with a land use statute, which used the word "no," "`No' means no." (Sounhein v. City of San Dimas (1996) 47 Cal.App.4th 1181, 1195, 55 Cal.Rptr.2d 290; *412 accord, Harris v. Garner (11th Cir.2000) 216 F.3d 970, 985 ["`[N]o' means no. The clear and broad statutory language does not permit us to except any type of claims, including constitutional claims."].) The only commonsense meaning of the word "no" is just that. Since an incidental damage claim seeks monetary relief, the express language of Government Code section 945.4 requires presentation of a claim as a precondition to the filing of suit. The language in Government Code section 945.4 contains no exception for "incidental damages." (Tapia v. County of San Bernardino (1994) 29 Cal.App.4th 375, 383, 34 Cal.Rptr.2d 431 ["Where a petition for writ of mandate may seek either monetary damages or other extraordinary relief, failure to file a claim is fatal to the recovery of money damages."]; Madera Community Hospital v. County of Madera (1984) 155 Cal.App.3d 136, 148, 201 Cal.Rptr. 768.)
Second, even if Government Code section 945.4 is ambiguous, which it is not, application of the claims filing requirement to incidental damage suits furthers its statutory purposes. The claims filing requirement has several purposes: providing the public entity with sufficient information to ensure a proper investigation; to facilitate settlement of the claim if appropriate; to enable the public entity to engage in fiscal planning for potential liabilities; and to avoid similar liabilities in the future. (Phillips v. Desert Hospital Dist. (1989) 49 Cal.3d 699, 709, 263 Cal. Rptr. 119, 780 P.2d 349; Baines Pickwick Ltd. v. City of Los Angeles (1999) 72 Cal. App.4th 298, 303, 85 Cal.Rptr.2d 74.) Each of these purposes is served in the case of an incidental damage cause of action that is joined with a mandate petition seeking equitable relief.
Third, none of the authorities relied upon by plaintiff permit a different result. Two of the Court of Appeal decisions relied upon by plaintiff, L.A. Brick etc. Co. v. City of Los Angeles (1943) 60 Cal.App.2d 478, 486, 141 P.2d 46, and People v. City of Los Angeles (1958) 160 Cal.App.2d 494, 508, 325 P.2d 639, which interpret provisions of the Los Angeles City Code, predated the adoption of the Tort Claims Act and Government Code section 945.4 in 1963. Another decision, Snipes v. City of Bakersfield (1983) 145 Cal.App.3d 861, 865-868, 193 Cal.Rptr. 760, involves a Fair Employment and Housing Act claim. (Gov.Code, § 12900 et seq.) The Court of Appeal concluded that the Legislature intended that a Fair Employment and Housing Act cause of action against a public entity, which is subject to a pre-lawsuit administrative complaint procedure, is not subject to the general requirements of the Tort Claims Act. No Fair Employment and Housing Act issue is present in this case. The final authority relied upon by plaintiff, Minsky v. City of Los Angeles (1974) 11 Cal.3d 113, 116-117, 113 Cal. Rptr. 102, 520 P.2d 726, involved a suit for return of property in possession of a police department. The Supreme Court held: "In sum, we hold that the instant complaint, seeking the recovery of property seized and wrongfully withheld by defendants, does not involve a claim for `money or damages' within the meaning of section 905, and thus would not fall within the presentation requirements of sections 911.2 and 945.4." (Id. at p. 124, 113 Cal. Rptr. 102, 520 P.2d 726, fn. omitted; accord, Holt v. Kelly (1978) 20 Cal.3d 560, 565, 143 Cal.Rptr. 625, 574 P.2d 441) Obviously, Minsky did not hold that incidental damage causes of action are not subject to the claims requirement. Further, Minsky and the cases relying upon it have not been applied outside the bailee context. (Hart v. County of Alameda (1999) 76 Cal.App.4th 766, 780-781, 90 Cal.Rptr.2d 386.) Summary judgment was properly *413 entered. We need not address the parties' other contentions.
The judgment is affirmed. Defendants, John A. Clarke and the Superior Court of the State of California in and for the County of Los Angeles, shall recover their costs incurred on appeal from plaintiff, TrafficSchoolOnline, Inc.
We concur: GRIGNON and ARMSTRONG, JJ.