FILED



**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 18 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEVE KLEIN; HOWARD PUTNAM; GLEN BIONDI, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> CITY OF LAGUNA BEACH, <br><br> Defendant - Appellee. | No. 11-56031 <br><br> D.C. No. 8:08-cv-01369-CJC-MLG <br><br><br> MEMORANDUM[*] |
| STEVE KLEIN; HOWARD PUTNAM; GLEN BIONDI, <br><br> Plaintiffs - Appellees, <br><br> v. <br><br> CITY OF LAGUNA BEACH, <br><br> Defendant - Appellant. | No. 11-56275 <br><br> D.C. No. 8:08-cv-01369-CJC-MLG |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted June 26, 2013
Seattle, Washington

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Before: SCHROEDER, FISHER and N.R. SMITH, Circuit Judges.

Steve Klein, Howard Putnam and Glen Biondi (collectively, "Klein") sued the City of Laguna Beach, arguing that the City's sound ordinance violated the free speech provisions of the California and Federal Constitutions. In a prior appeal, we vacated the district court's order denying Klein's motion for a preliminary injunction and remanded. *See Klein v. City of Laguna Beach*, 381 F. App'x 723 (9th Cir. 2010). On cross motions for summary judgment, the district court granted summary judgment in part to Klein and in part to the City. Both sides appeal. We review the district court's grant of summary judgment de novo. *See G.K. Ltd. Travel v. City of Lake Oswego*, 436 F.3d 1064, 1070 (9th Cir. 2006). We affirm in part, reverse in part and remand.

The district court correctly concluded that the California Government Claims Act, Cal. Gov't Code §§ 905, 910, 945.4, as understood by the majority of California appellate courts, required Klein to present his claims for money damages to the City before filing suit. *See Canova v. Trs. of Imperial Irrigation Dist. Emp. Pension Plan*, 150 Cal. App. 4th 1487, 1497 (2007); *Cal. Sch. Emps. Ass'n v. Governing Bd. of S. Orange Cnty. Cmty. Coll. Dist.*, 124 Cal. App. 4th 574, 592-93 (2004); *TrafficSchoolOnline, Inc. v. Clarke*, 112 Cal. App. 4th 736, 741 (2003). Because Klein did not do so, his claims under the California

Constitution fail. Therefore, we analyze his free speech claims under the Federal Constitution.

Klein challenges the now-repealed sound ordinance provisions only on an as-applied basis. As applied, the City's prohibition on the use of sound amplification devices within 100 yards of Laguna Beach High School during the 30 minutes after the dismissal bell is a valid time, place and manner regulation. *See Kovacs v. Cooper*, 336 U.S. 77, 85-89 (1949) (holding that, consistent with the First Amendment, the government may regulate the volume of speech and the hours and place of public discussion); *Ward v. Rock Against Racism*, 491 U.S. 781, 791 (1989) (listing requirements for valid time, place and manner restrictions). "The crucial question is whether the manner of expression is basically incompatible with the normal activity of a particular place at a particular time." *Grayned v. City of Rockford*, 408 U.S. 104, 116 (1972). Although Klein sought to use sound amplification next to the school only after classes were dismissed, the City presented uncontroverted evidence that a number of important scholastic and artistic programs, including those for which students receive academic credit, take place on the high school campus after classes end and that Klein's proposed speech

would disrupt these activities.[1] We affirm the district court's conclusion that summary judgment for the City was proper on Klein's challenge to this portion of the sound ordinance.

The City's sound ordinance was not a valid time, place and manner restriction as applied to Klein's proposed political speech near city hall. Although Klein's speech may have been somewhat disruptive to city hall workers, this provision did not apply to any other city office buildings. Moreover, city hall is where citizens are expected to go to make their views heard by elected officials. Klein's proposed political speech near city hall between 4 and 5 p.m. at a moderately amplified volume was therefore not "basically incompatible with the normal activity" of city hall at that time. *Id*. We reverse the district court's grant of summary judgment to the City and remand with instructions to grant summary judgment to Klein.

---

[1] Klein's declaration that his speech would have been barely louder than unamplified speech and not disruptive is insufficient because Klein lacks relevant personal knowledge of how a bullhorn would affect the volume of his voice and how the sound emanating from the bullhorn would be perceived by listeners. *See Hexcel Corp. v. Ineos Polymers, Inc.*, 681 F.3d 1055, 1063 (9th Cir. 2012) ("Declarations must be made with personal knowledge; declarations not based on personal knowledge are inadmissible and cannot raise a genuine issue of material fact.").

As applied, the City's prohibition on sound amplification city-wide after 5 p.m. was content-based. The City refused to allow Klein to use sound amplification for his proposed political speech after 5 p.m., but permitted other speakers, including the private organizers of an annual cultural festival, to use sound amplification after 5 p.m. In the prior appeal, we ruled that unless the City had a content-neutral policy to determine whether to grant exemptions to the 5 p.m. restriction, it would be considered content-based. *See Klein*, 381 F. App'x at 728. The City presented no such content-neutral policy on remand. Therefore, we reaffirm our prior ruling that the 5 p.m. restriction is content-based as applied to Klein. The City did not argue that this restriction satisfied strict scrutiny, so we affirm the district court's grant of summary judgment to Klein on this claim.

We affirm the district court's conclusion that the City's previous permit scheme violated the First Amendment. The City did not argue on appeal that this portion of the district court's order was erroneous.

Before Klein had the opportunity to file a motion for attorney's fees, the district court entered a judgment providing that Klein could recover fees only for those claims on which he prevailed, even though the City voluntarily repealed all challenged portions of the sound ordinance as a result of this lawsuit. We remand so that Klein can file a motion seeking to recover all of his fees. *See* Fed. R. Civ.

5

P. 54(d)(2) (providing that requests for attorney's fees should be made by motion within 14 days *after* entry of judgment); *see also San Diego Police Officers' Ass'n v. San Diego City Emps.' Ret. Sys.*, 568 F.3d 725, 742 (9th Cir. 2009). Because the district court has not yet had the opportunity to consider the issue, we express no opinion on whether Klein is entitled to fees even on those claims on which he did not prevail.

**AFFIRMED IN PART, REVERSED IN PART and REMANDED.** The parties shall bear their own costs on appeal.