**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

STEVE KLEIN; HOWARD PUTNAM;
GLEN BIONDI,
                *Plaintiffs-Appellants*,

v.

CITY OF LAGUNA BEACH,
                *Defendant-Appellee.*

No. 13-56973

D.C. No.
8:08-cv-01369-
CJC-MLG

OPINION

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted
December 10, 2015—Pasadena, California

Filed January 14, 2016

Before:  Ronald M. Gould and Marsha S. Berzon, Circuit
Judges, and Jack Zouhary,* District Judge.

Opinion by Judge Gould

---

\* The Honorable Jack Zouhary, District Judge for the U.S. District Court
for the Northern District of Ohio, sitting by designation.

# SUMMARY[**]

## Civil Rights/Attorneys' Fees

The panel affirmed the district court's order denying attorneys' fees under California law, vacated the denial of attorneys' fees under federal law, and remanded for further proceedings.

In the underlying action brought under 42 U.S.C. § 1983, plaintiff sought to invalidate aspects of Laguna Beach ordinances prohibiting the use of sound-amplification devices on public sidewalks. After winning two appeals in this court, plaintiff was awarded nominal damages on three of his four as-applied claims. The district court concluded that plaintiff was a prevailing party under 42 U.S.C. § 1988, but it denied attorneys' fees per *Farrar v. Hobby*, 506 U.S. 103 (1992), which held that a prevailing party who seeks a large compensatory award but receives only nominal damages may not be entitled to fees. The district court also concluded that plaintiff was not entitled to fees under California law because the court had entered judgment for the City on plaintiff's state claims.

The panel affirmed the district court's order denying fees under California law. Under federal law, the panel held that because plaintiff's lawsuit achieved its future-oriented goals and plaintiff never attempted to secure compensatory damages under § 1983, the *Farrar* exception did not apply,

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

and the district court erred by not considering plaintiff's entitlement to fees under the standard framework.

## COUNSEL

Michael J. Kumeta, La Mesa, California; William G. Gillespie (argued), Bonsall, California, for Plaintiffs-Appellants.

Philip D. Kohn, Michelle D. Molko (argued), Rutan & Tucker, LLP, Costa Mesa, California, for Defendant-Appellee.

## OPINION

GOULD, Circuit Judge:

Steve Klein filed this 42 U.S.C. § 1983 suit to invalidate aspects of Laguna Beach ordinances prohibiting the use of sound-amplification devices ("amplified speech") on public sidewalks. After winning two appeals in this court, Klein was awarded nominal damages on three of his four as-applied claims. Klein then moved for attorneys' fees under both state and federal law. The district court concluded that Klein was a prevailing party under 42 U.S.C. § 1988, but it denied attorneys' fees per *Farrar v. Hobby*, 506 U.S. 103 (1992), which held that a prevailing party who seeks a large compensatory award but receives only nominal damages may not be entitled to fees. *Id.* at 115. The district court also concluded that Klein was not entitled to fees under California law because the court had entered judgment for the City on Klein's state claims.

We affirm the district court's order denying fees under California law.  Under federal law, we hold that because Klein's lawsuit achieved its future-oriented goals and Klein never attempted to secure compensatory damages under § 1983, the *Farrar* exception does not apply, and the district court erred by not considering Klein's entitlement to fees under the standard framework.  *See Hensley v. Eckerhart*, 461 U.S. 424, 429–30 (1983); *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013).  We vacate and remand for further proceedings.

# I

In 2008, Laguna Beach Municipal Code section 5.40.010 prohibited people from using "any radio loudspeaker or sound amplifier in such a manner as to cause any sound to be projected outside . . . without having first procured a permit from the city manager so to do [sic]."  Section 5.40.020 stated that a permit "shall be granted at the will of the city manager," although the Code gave no standards for exercising his discretion.  At the same time, Laguna Beach had another Code provision, section 7.25.120, on amplified speech that required speakers to secure a permit from the Chief of Police, who was directed to "consider the constitutional right of free speech of all persons" along with factors ranging from "the volume of traffic" to "the threat of the overthrow of the lawfully established government."  The Code also prohibited use of amplifying devices within 100 yards of hospitals, churches, schools, and City Hall.  Section 7.25.120 was intended to repeal other inconsistent Code provisions, which would include sections 5.40.010–020.

On November 11, 2008, Steve Klein sent a letter to the city manager applying for a sound amplification permit under

section 5.40.010 to conduct religious "youth outreach" on public sidewalks around Laguna Beach High School. The city manager rejected the request, explaining that his "longstanding and consistently followed policy and practice has been not to issue amplified sound permits." Klein filed a complaint on December 3, 2008, seeking declaratory and injunctive relief under the U.S. and California Constitutions and the California Bane Act, Cal. Civ. Code § 52.1(b).[1] Klein also sought nominal damages for each claim and statutory damages under the Bane Act.[2] Six days later, the Laguna Beach City Council passed an ordinance repealing Chapter 5.40 of the Municipal Code and amending § 7.25.120 to remove the permit requirement. At the same time, the City further restricted the hours that amplifying equipment could be used from 8 a.m.–8 p.m. to 9 a.m.–5 p.m. These amendments were temporary "while the subject matter [was] further studied."

Klein amended his complaint to incorporate new factual developments and direct his constitutional challenge to § 7.25.120. On December 15, 2008, Klein wrote another letter to the city manager, this time seeking permission to use a sound amplification device in derogation of § 7.25.120 in two ways: first, by speaking within 100 yards of Laguna Beach High School and City Hall, and second, by speaking between 5 p.m.–6 p.m. in "the busy downtown commercial

---

[1] The Bane Act provides a cause of action for individuals whose "rights secured by" federal or California law have been interfered with "by threat, intimidation, or coercion." Cal. Civ. Code § 52.1 (a)–(b).

[2] The Bane Act allows recovery for "actual damages" and treble damages, "but in no case less than four thousand dollars." Cal. Civ. Code § 52.

area of the City." Speaking through counsel, the City responded in a letter that did not address Klein's request, stating instead that "no permission" was necessary to use amplification equipment and that Klein should familiarize himself with the applicable regulations if he had not already done so.

On June 16, 2009, the City replaced the temporary ordinance with a permanent ordinance that limited the application of the 100-yard ban at City Hall and the high school to times when "such facilities are in use or operation, and for a period of thirty minutes both before and after such use and operation." The City kept the general 5 p.m. to 9 a.m. ban citywide. This new ordinance continued to preclude Klein's request to use amplifying devices downtown after 5 p.m., at City Hall between 5–6 p.m., and at the school between 3:35–4:05 p.m.

Klein filed a motion for a preliminary injunction on August 3, 2009, which the district court denied, concluding that the ordinance was "a content neutral, reasonable restriction on time, place and manner of speech." We reversed on appeal, holding that Laguna Beach presented insufficient evidence that the ordinance was narrowly tailored to the City's interests. *Klein v. City of Laguna Beach*, 381 F. App'x 723, 726–27 (9th Cir. 2010) (*Klein I*). We also concluded that the remaining preliminary injunction factors favored Klein given the "fundamental interest in the protection of all people's constitutional rights" and that the City had other ordinances "prohibiting excessive and disruptive sound." *Id.* at 727.

Our decision issued on June 4, 2010. On October 5, 2010, the City amended section 7.25.120 to remove the 100-yard

restriction around schools and City Hall and to increase the time amplified speech was allowed from 9 a.m.–5 p.m. to 9 a.m.–9 p.m. The parties then filed cross-motions for summary judgment, with Klein seeking an award of nominal damages and attorneys' fees. The district court granted Klein's motion in part, entering judgment in favor of Klein on his nominal damages claims that the repealed permitting scheme was an unconstitutional prior restraint and that the City's restriction of Klein's speech in the downtown business district violated the First Amendment. Klein received $1 damages for each of those claims. The court also granted the City's motion in part, concluding that Laguna Beach did not violate Klein's rights by restricting his speech outside the high school and outside City Hall. The court then entered judgment in favor of the City on Klein's remaining claims for nominal damages, his California Bane Act claim, and his claims for declaratory and injunctive relief for federal and state constitutional violations. The judgment stated that "Plaintiffs shall recover their costs, including reasonable attorneys' fees pursuant to motion for the two claims on which they prevailed."

Klein again appealed. We affirmed the district court as to the high school and downtown business district, but we reversed with respect to Klein's proposed speech near City Hall, holding that Klein was entitled to summary judgment on that claim as well. *Klein v. City of Laguna Beach*, 533 F. App'x 772, 774–75 (9th Cir. 2013) (*Klein II*). Klein therefore won nominal damages on three of his four as-applied challenges under federal law.

Klein then filed a motion for attorneys' fees. The district court denied the motion in the decision now on appeal. Although the court ruled that Klein's award of nominal

damages made him a "prevailing party" under 42 U.S.C. 1988(b), the court relied on *Farrar v. Hobby* to conclude that Klein was not entitled to fees for his merely "technical" victory. *See Farrar v. Hobby*, 506 U.S. 103, 115 (1992). The court analyzed the three *Farrar* factors[3] and concluded that the nominal damages judgment accomplished no "public goal," that Klein achieved "*de minimis*" success, and that Klein's First Amendment rights were "not so significant as to overcome the other two factors, which counsel strongly against an award of fees." The court also concluded that it was unable to award Klein fees under California Civil Procedure Code § 1021.5 because Klein had not prevailed on his California state law claims. Klein appeals both of these issues.[4]

## II

We review de novo whether the district court applied the correct legal standard in determining entitlement to attorneys' fees. *Labotest, Inc. v. Bonta*, 297 F.3d 892, 894 (9th Cir. 2002).

---

[3] *See Farrar*, 506 U.S. at 116–22 (1992) (O'Connor, J., concurring); *Mahach-Watkins v. Depee*, 593 F.3d 1054, 1059–60 (9th Cir. 2010).

[4] Klein preliminarily argues that he was entitled to attorneys' fees under law of the case because the district court's initial judgment specified that "Plaintiffs shall recover their costs, including reasonable attorneys' fees pursuant to motion for the two claims on which they prevailed," and the City did not challenge this on appeal in *Klein II*. That statement in the order did not indicate that the court had analyzed or considered Klein's entitlement to fees, and the claim for attorneys' fees had not been presented, briefed, or argued. We conclude that the district court's judgment merely suggested that Klein would later be able to seek attorneys' fees "pursuant to motion."

## III

42 U.S.C. § 1988(b) provides that the "prevailing party" in a § 1983 suit may be entitled to "a reasonable attorney's fee" in the court's "discretion."  A prevailing plaintiff "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (citation omitted).  A party that wins only nominal damages is a "prevailing party" under the statute. *Farrar*, 506 U.S. at 112.

Once a party is found eligible for fees, the district court must then determine what fees are reasonable. *Hensley*, 461 U.S. at 433.  District courts generally start by applying the "lodestar method," i.e., multiplying "the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013) (quoting *Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006)).  The district court "may then adjust [the lodestar] upward or downward based on" twelve factors identified in *Hensley*. *Id.* (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008)); *see Hensley*, 461 U.S. at 430 n.3.[5]

Because "'the most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained,'" *Farrar*, 506 U.S. at 114 (quoting *Hensley*, 461 U.S. at 436), the Supreme Court has created a narrow exception to the standard *Hensley* procedure:  When a

---

[5] These twelve factors are often called the "*Kerr* factors" in the Ninth Circuit, because of *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), in which we first adopted them.  *See Gonzalez*, 729 F.3d at 1209 n.11.

plaintiff "seeks compensatory damages but receives no more than nominal damages," "the court may lawfully award low fees or no fees without reciting the 12 [*Hensley*] factors bearing on reasonableness" or calculating the lodestar. *Id.* at 115. The Court declined to award Farrar fees because he won only a $1 nominal victory despite having sought $17 million in compensatory damages. *Id.* at 114. We have since stated that in cases where "a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief," the district court should balance three factors derived from Justice O'Connor's concurrence in *Farrar*. *Mahach-Watkins v. Depee*, 593 F.3d 1054, 1059 (9th Cir. 2010) (quoting *Farrar*, 506 U.S. at 115).

In this case, the district court concluded that because Klein received only nominal damages, the *Farrar* exception applied, and the court balanced the O'Connor factors and determined that Klein was not entitled to fees. Klein argues that the district court erred by applying *Farrar*. In Klein's view, "The *Farrar* special circumstances exception is limited to cases where civil rights plaintiffs seek compensatory damages but obtain only nominal damages, not to cases where plaintiffs seek only nominal damages" like this one. Instead, Klein argues that he was entitled to receive attorneys' fees under the standard procedure, i.e., beginning with the lodestar and then considering the twelve *Hensley/Kerr* factors. We agree.

While we have not addressed this precise issue, we stated in *Stivers v. Pierce*, 71 F.3d 732 (9th Cir. 1995), that "*Farrar*'s holding is limited to cases in which the plaintiff seeks substantial monetary damages but obtains only a nominal award." *Id.* at 753. We held that *Farrar* did not apply in that case because the plaintiffs had obtained some of

the injunctive relief they sought via a settlement agreement. *Id.* This reading of *Farrar* was appropriate because Congress has "emphasized the importance of attorneys' fees in cases seeking injunctive relief, where there is no monetary light at the end of the litigation tunnel." *Moreno*, 534 F.3d at 1111 n.1. The same logic applies here. Without a request for compensatory damages, Klein had no chance of receiving a significant monetary payout, and his suit was not one in which "recovery of private damages is the purpose of . . . civil rights litigation." *Farrar*, 506 U.S. at 114 (quoting *Riverside v. Rivera*, 477 U.S. 561, 585 (1986) (Powell, J., concurring in the judgment)). Instead, Klein's primary goal has always been to legalize amplified speech in Laguna Beach. While Laguna Beach argues that Klein did not seek "elimination of the challenged regulation" because he never brought a facial challenge, the City is mistaken; the complaint alleges, "*On its face*, and as applied, the ordinances violate the First Amendment to the United States Constitution" and Article I, section 2 of the California Constitution.

Laguna Beach also argues that Klein sought $72,000 in compensatory damages under the California Bane Act, and judgment was entered against him on the merits of that claim. This argument is unpersuasive. First, Klein sought only $4,000 under the statute as *nominal* damages, not compensatory damages—unlike federal law, the statute guarantees a minimum of $4,000 regardless of actual damages. Cal. Civ. Code § 52. Klein's attempt to get statutory damages under the Bane Act did not place him into the class of plaintiffs to which *Farrar* applies. Second, 42 U.S.C. § 1988 rewards plaintiffs who prevail on federal claims, so Klein's request for relief under state law has no bearing on our analysis of what legal framework applies to motions under § 1988.

The district court reasoned that *Farrar* should be applied because there was

> no principled basis to treat differently a plaintiff who does not seek compensatory damages because he cannot prove actual injury from a plaintiff who seeks compensatory damages and fails to prove actual injury. . . . Thus, although Mr. Klein's decision to not pursue in court what he cannot prove is laudable, his failure to recover some significant amount of damages or other meaningful relief counsels against an award of fees.

The district court's reasoning does not persuade us because it obscures the rationale behind *Farrar*'s narrow exception. *Farrar* emphasized the importance of considering "the amount of damages awarded *as compared to the amount sought*." 506 U.S. at 114 (quoting *Riverside*, 477 U.S. at 585) (emphasis added). This comparative analysis matters because, as discussed above, "'the most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.'" *Id.* (quoting *Hensley*, 461 U.S. at 436). The Supreme Court in *Farrar* concluded that because Farrar sought $17 million and was awarded only $1, he essentially *lost*—his victory was only "technical." *Id.* We drew the same conclusion in *Romberg v. Nichols*, 48 F.3d 453 (9th Cir. 1995), where the plaintiffs sought $2 million and received only $1. "As in *Farrar*," we stated, "the Rombergs requested a substantial sum, but received only one dollar each; although they prevailed, *the Rombergs did not succeed.*" *Id.* at 455 (emphasis added). This makes good sense. A plaintiff who "asked for a bundle and got a pittance" has not achieved

success in that he did not reach the goal sought. *Farrar*, 506 U.S. at 120 (O'Connor, J., concurring).

In this case, however, when one compares the relief Klein sought with the results he achieved, it is clear that he succeeded. Klein's suit was forward-looking, and he gained the relief that he primarily sought when the challenged law was amended to expand the permissible use of amplification devices. As we stated in a previous appeal of this matter, "the City voluntarily repealed all challenged portions of the sound ordinance as a result of this lawsuit." *Klein II*, 533 F. App'x at 775.[6]

The Fifth Circuit has also recently held that *Farrar* does not apply in this type of situation. *See Sanchez v. City of Austin*, 774 F.3d 873 (5th Cir. 2014). In that case, the district court granted the plaintiffs' request for an injunction but denied all other requested relief, including nominal damages. *Id.* at 877. The City of Austin argued that "Appellants' injury and victory merely were technical or *de minimis* and thus justify a wholesale denial of fees," citing *Farrar* for support. *Id.* at 882. The Fifth Circuit rejected this argument and read *Farrar* narrowly to apply only when the plaintiff "seeks compensatory damages but receives no more than nominal damages." *Id.* at 883 (quoting *Farrar*, 506 U.S. at 115). The court explained, "Unlike *Farrar*, Appellants' primary goal in this litigation was to force the City to stop issuing CTNs [criminal-trespass notices]. Appellants achieved that goal by securing a permanent injunction against future enforcement

---

[6] Considering the total circumstances here, we agree that this characterization is accurate and binding on our panel as the law of the case. *See Old Person v. Brown*, 312 F.3d 1036, 1039 (9th Cir. 2002).

of the CTN policy. A fee award was therefore appropriate."
*Id.*

As in *Sanchez*, Klein's primary goal was to change the
City's policy, not to secure compensatory damages.
Although Klein did not receive a permanent injunction and
declaratory relief, the district court appears to have denied
such relief only because the City voluntarily eliminated the
policies about which Klein complained. It is more accurate
to think of Klein's request for an injunction as being mooted
when the City changed the law to accommodate Klein's
planned conduct, rather than denied on its merits. Klein
achieved the outcome he sought when he filed this lawsuit,[7]
and *Farrar* "does not control" in these circumstances. *Id.*[8]

_____

[7] And although Klein did not receive nominal damages for his
constitutional claim regarding the use of sound-amplifying devices near
the high school between 3:35 and 4:05 p.m., the new ordinance does not
prohibit that conduct so long as he does not "unreasonably disrupt[],
obstruct[], impair[] or interfere[] with the normal use and operation of [the
school] for [its] intended purposes."

[8] *Buckhannon Board and Care Home, Inc. v. West Virginia Department
of Health & Human Resources*, 532 U.S. 598 (2001), does not prevent us
from considering the City's voluntary changes in determining the
appropriateness of a fee award in this case. *Buckhannon* held that litigants
are not prevailing parties based on the "catalyst theory," i.e., when "the
lawsuit brought about a voluntary change in the defendant's conduct." *Id.*
at 601. For the plaintiff to qualify as a prevailing party, his suit must have
led to a "judicially sanctioned change in the legal relationship of the
parties." *Id.* at 605. But as we explained in *Benton v. Oregon Student
Assistance Commission*, 421 F.3d 901 (9th Cir. 2005), "*Buckhannon* did
not address the issue of the factors to be applied in determining the
reasonableness of an attorney's fee award to a prevailing party." *Id.* at
907. As long as a litigant can establish prevailing party status without
reliance on the catalyst theory—which Klein can, because he was awarded
nominal damages—a court may consider whether the litigant achieved a

We vacate the district court order and remand for the district court to analyze Klein's entitlement to attorneys' fees under the procedures specified by the Supreme Court in *Hensley*. *See Gonzalez*, 729 F.3d at 1202.

## IV

Klein also argues that he was entitled to attorneys' fees under California law, including an enhancement multiplier. Cal. Civ. Proc. Code § 1021.5 states, "Upon motion, a court may award attorneys' fees to a successful party against one or more opposing parties in any action which has resulted in the enforcement of an important right affecting the public interest." When California plaintiffs prevail in federal court on California claims, they may obtain attorneys' fees under section 1021.5. *See Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995). Klein does not dispute that section 1021.5 does not apply in federal court when a plaintiff does not plead any California claims.

Klein argues that because he pled a California state law claim, he is entitled to fees under the California statute even though he lost on the claim. But federal courts apply state law for attorneys' fees to state claims because of the *Erie*[9] doctrine, *see id.*, and *Erie* does not compel federal courts to apply state law to a federal claim. *See MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1279–80 (9th Cir.

---

public goal or accomplished a public purpose with the litigation, including inducing a voluntary change by the defendant, "for the limited purpose of determining a reasonable fee award." *Benton*, 421 F.3d at 907.

[9] *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938) (holding that federal courts apply state law to non-federal claims).

1999) (in an action involving state and federal claims, awarding attorneys' fees under state law only with respect to state claims). Klein was only a prevailing party on his federal claims, and "since we address federal, not state claims, the federal common law of attorney's fees, and not [state] law, is the relevant authority." *Modzelewski v. Resolution Trust Corp.*, 14 F.3d 1375, 1379 (9th Cir. 1994).

Klein cites *Jones v. City of L.A.*, 2011 U.S. Dist. LEXIS 68416 (C.D. Cal. 2011), for the proposition that attorneys' fees under California law are proper when the party pleads both state and federal claims and prevails on federal law even when he "did not pursue the state claim in summary judgment." *Id.* at *4. But the plaintiff in *Jones* never *lost* on the state claims—the parties reached a settlement, and the court reasoned that "[t]he settlement agreement provides for almost all the relief which the plaintiffs sought, and the plaintiffs' complaint included a state law claim." *Id. Jones* does not stand for the proposition that a party gets fees under California law when it wins a federal claim but loses its state claim on the merits. We affirm the district court's denial of fees under California law.[10]

**AFFIRMED in part, VACATED in part, and REMANDED.**

---

[10] We therefore need not reach Klein's contention that the district court erred in concluding that he forfeited his catalyst theory argument regarding attorneys' fees under California law.