**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

# FILED

JUN 28 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| HUIMIN SONG; ANDY XIE, <br><br>        Plaintiffs-Appellees, <br><br> v. <br><br> COUNTY OF SANTA CLARA, <br><br>        Defendant-Appellant, <br><br>  and <br><br> SANTA CLARA VALLEY MEDICAL CENTER; ANN LABORDE; DAVID MANSON; TERRY STAVANG; SONIA VALENCIA, <br><br>        Defendants. | No.    15-15299 <br><br> D.C. No. 5:11-cv-04450-EJD <br><br> MEMORANDUM[*] |
| HUIMIN SONG; ANDY XIE, <br><br>        Plaintiffs-Appellants, <br><br> v. <br><br> COUNTY OF SANTA CLARA; SONIA VALENCIA; ANN LABORDE; TERRY | Nos.   15-15318 <br><br> D.C. No. 5:11-cv-04450-EJD |

---

       [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

STAVANG; DAVID MANSON,

          Defendants-Appellees,

and

SANTA CLARA VALLEY MEDICAL CENTER,

          Defendant.

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Argued and Submitted February 14, 2017
San Francisco, California

Before: W. FLETCHER and RAWLINSON, Circuit Judges, and GORDON,[**] District Judge.

Appellant County of Santa Clara (County) appeals the district court's denial of its renewed motion for judgment as a matter of law. County challenges a jury verdict in favor of Huimin Song and Andy Xie (Appellees) holding County liable under 42 U.S.C. § 1983 for due process violations. In a cross-appeal, Appellees challenge the district court's summary judgment dismissal of their claim under

[**] The Honorable Andrew P. Gordon, United States District Judge for the District of Nevada, sitting by designation.

California Labor Code § 221 and the district court's reduction of attorneys' fees.

### I.  Appeal

"We review de novo the district court's denial of a [] renewed motion for judgment as a matter of law. . . ." *Estate of Diaz v. City of Anaheim*, 840 F.3d 592, 604 (9th Cir. 2016), *as amended* (citation omitted).

County's grievance procedures afforded Appellees adequate pre-deprivation and post-deprivation due process. *See Armstrong v. Meyers*, 964 F.2d 948, 950 (9th Cir. 1992) (recognizing that grievance procedures established in a collective bargaining agreement may satisfy due process). At the pre-deprivation stage, County provided Appellees written notifications stating the overpayment amounts, as well as its intention to recoup the overpaid funds over subsequent paychecks, and an opportunity to dispute the overpayment amounts at two separate meetings. *See Yagman v. Garcetti*, 852 F.3d 859, 864 (9th Cir. 2017) (requiring "oral or written notice of the charges . . . , an explanation of the adverse evidence, and an opportunity to present [the other] side of the story") (citation and alteration omitted). At the post-deprivation stage, County provided Appellees an opportunity to pursue binding arbitration. *See Armstrong*, 964 F.2d at 950-51 (observing that post-deprivation arbitration satisfied due process).

Appellees cannot establish municipal liability under *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978). *See Garmon v. Cty. of Los Angeles*, 828 F.3d 837, 845-46 (9th Cir. 2016) (holding that § 1983 plaintiffs must establish that a municipal policy or actions by a final policymaker pursuant to a municipal policy caused their injury). Neither the Memorandum of Agreement (MOA) nor County's actions pursuant to the MOA violated Appellees' due process rights. *See Armstrong*, 964 F.2d at 950-51. County's actions toward Appellees did not deviate from this policy. County's labor relations representative was not a policymaking official. Neither was he exercising delegated policymaking authority under California law. *See Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1066 (9th Cir. 2013) ("Whether an official is a policymaker for *Monell* purposes is a question governed by state law. . . .") (citation omitted); *cf.* Cal. Gov. Code § 24000 (enumerating various county officers). Because there was no due process violation or municipal liability, the district court erred in denying County's motion for judgment as a matter of law. *See Teleflex Med. Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 851 F.3d 976, 989 n.5 (9th Cir. 2017).

**REVERSED.**

## II.   Cross-Appeal

We review *de novo* the district court's summary judgment ruling. *See*

*Japanese Vill., LLC v. Fed. Transit Admin.*, 843 F.3d 445, 453 (9th Cir. 2016). The district court properly granted summary judgment in County's favor on Appellees' claim under California Labor Code § 221. Appellees concede that, although County mistakenly deducted an amount higher than it stated it would, they were nonetheless indebted to County for overpaid wages. County's actions pursuant to the MOA fell into an exception under California Labor Code § 224 for written wage agreements arising from a collective bargaining agreement.

Because we reverse the district court's denial of County's renewed motion for judgment as a matter of law, Appellees are no longer entitled to attorneys' fees. *See Klein v. City of Laguna Beach*, 810 F.3d 693, 698 (9th Cir. 2016) (holding that only the prevailing party in a § 1983 action is entitled to attorneys' fees).

**AFFIRMED in PART** and **REVERSED in PART.** Costs are awarded to County of Santa Clara.