**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CHRIS KOHLER,

              Plaintiff-Appellant,

v.

EDDIE BAUER LLC, DBA Eddie Bauer
Outlet #R162, A Delaware LLC,

              Defendant-Appellee.

No.    17-55274

D.C. No.
2:10-cv-04680-PSG-PJW

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted April 11, 2019
Pasadena, California

Before:  RAWLINSON and MURGUIA, Circuit Judges, and GILSTRAP,[**]
District Judge.

      Plaintiff-appellant Chris Kohler (Kohler) appeals the district court's order

granting in part and denying in part his motion for attorneys' fees, costs, and

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      [**]     The Honorable James Rodney Gilstrap, United States District Judge
for the Eastern District of Texas, sitting by designation.

litigation expenses. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the award of attorneys' fees for an abuse of discretion. *See Dunlap v. Liberty Nat. Prod., Inc.*, 878 F.3d 794, 797 (9th Cir. 2017).

"Once a party is found eligible for fees, the district court must then determine what fees are reasonable. . . ." *Klein v. City of Laguna Beach*, 810 F.3d 693, 698 (9th Cir. 2016) (citation omitted). District courts apply the lodestar method to determine a reasonable fee. *See Bravo v. City of Santa Maria*, 810 F.3d 659, 665-66 (9th Cir. 2016). The lodestar amount is determined by multiplying the number of hours "reasonably expended on a case by a reasonable hourly rate." *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016) (citation omitted).

The district court properly determined that Kohler was the prevailing party, as the parties entered into a settlement agreement in which Kohler received monetary damages. *See Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 451 (9th Cir. 2010) ("[W]e have held that a plaintiff who obtains a legally enforceable settlement agreement qualifies as a prevailing party, at least when the district court retains jurisdiction to enforce the agreement. . . .") (citation and internal quotation marks omitted).

The district court did not abuse its discretion in determining the lodestar amount. The court reasonably considered the 2015 Real Rate Report (RRR), a

national publication that provides statistical data on attorneys' fees by location and practice areas. Other district courts in the Central District have also relied on the RRR. *See, e.g., Abrego v. City of Los Angeles*, No. CV 15-00039-BRO (JEMx), 2017 WL 3453293, at *6 (C.D. Cal. June 16, 2017); *Rivas v. ESA Mgmt. LLC*, No. 14-CV-5767 DSF (ASx), 2016 WL 7647670, at *2 (C.D. Cal. Apr. 28, 2016).

The fact that the court also looked to previous awards from similar, and fairly recent, cases involving Kohler's attorneys did not constitute an abuse of discretion. This is especially true where, as here, Kohler's attorney provided very little evidence of the prevailing hourly rate in the relevant community for similar work. Rather, counsel provided rates for mostly class action litigation and excessive fee cases resulting in death. *See Camacho v. Bridgeport Fin. Inc.*, 523 F.3d 973, 980 (9th Cir. 2008) ("[T]he burden is on the fee applicant to produce satisfactory evidence . . . that the requested rates are in line with those prevailing in the community for similar services . . ."). On balance, the district court's reliance on the RRR, as well as similar cases brought by Kohler's attorneys, does not evidence the hold-the-line practice described by Kohler. *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1115 (9th Cir. 2008).

Nor did the district court, in an effort to more accurately account for the actual hours expended, abuse its discretion in striking the excessive and redundant

3

hours billed by Kohler's attorneys. *See Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012) ("[C]ounsel for the prevailing party should exercise billing judgment to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary as a lawyer in private practice would do.") (citation and internal quotation marks omitted). The purported administrative error (billing for 119.30 hours in one day) was justifiably disregarded by the district court. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) ("[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended . . .").

After determining the lodestar amount, the district court retains discretion to adjust the lodestar upward or downward applying the factors set forth in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) (*Kerr* Factors), which include "the quality of representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment," as well as the results obtained. *Stetson v. Grissom*, 821 F.3d 1157, 1166-67 (9th Cir. 2016) (citation omitted). The district court is required to consider "the relationship between the extent of success and the amount of the fee award." *Morales v. City of San Rafael*, 96 F.3d 359, 362 (9th Cir. 1996), *as amended* (citation and internal quotation marks omitted). Therefore, the district court properly considered that:

4

1) this was a fairly straightforward case of access to facilities under the Americans with Disabilities Act involving a single plaintiff; 2) following a two-day bench trial and an appeal, Kohler prevailed on only one claim, which was settled for $8,000; and 3) Kohler's attorney sought $549,100 in fees for settlement of that one claim. *See Bravo,* 810 at 666 ("The Supreme Court teaches that the degree of success obtained is the most critical factor in determining the reasonableness of a fee award. . . ." (quoting *Farrar v. Hobby*, 506 U.S. 103, 114 (1992)) (internal quotation marks omitted).

Consequently, although the better practice would have been for the district court to more fully discuss each *Kerr* factor, on balance we cannot say that the district court abused its discretion under the particular facts of this case. *See id*.

**AFFIRMED.**